NOTICE OF LAWSUIT AND REQUEST FOR WAIVER OF SERVICE OF SUMMONS

TO:   Abercrombie & Fitch Trading Co.
      c/o Sandra J. Anderson, Esq.
      Vorys, Sater, Seymour and Pease LLP
      52 East Gay Street
      P.O. Box 1008
      Columbus, OH 43216-1008

A lawsuit has been commenced against Abercrombie & Fitch Trading Co. A copy of the Complaint is attached to this notice. It has been filed in the United States District Court for the Southern District of New York and has been assigned docket number 08 Civ. 01859.

This is not a formal Summons or notification from the Court, but rather my request that you sign and return the enclosed waiver of service in order to save the costs of serving you with a judicial Summons and an additional copy of the Complaint. The cost of service will be avoided if I receive a signed copy of the waiver within 30 days after the date designated below as the date on which this Notice and Request is sent. I enclose a stamped and addressed envelope for your use. An extra copy of the waiver is also attached for your records.

If you comply with this request and return the signed waiver, it will be filed with the Court and no Summons will be served on you. The action will then proceed as if you had been served on the date the waiver is filed, except that you will not be obligated to answer the Amended Complaint before 60 days from the date designated below as the date on which this notice is sent (or before 90 days from that date if your address is not in any judicial district of the United States).

If you do not return the signed waiver within the time indicated, I will take appropriate steps to effect formal service in a manner authorized by the Federal Rules of Civil Procedure and will then, as authorized by those Rules, ask the court to require you to pay the full costs of such service. In that connection, please read the statement concerning the duty of parties to waive the service of the Summons, which is set forth at the foot of the waiver form.

I affirm that this request is being sent to you, on behalf of the plaintiffs, this 29th day of February, 2008.

_____
Debra L. Raskin (DR5431)
Maia Goodell (MG8905)
Vladeck, Waldman, Elias & Engelhard, P.C.
1501 Broadway, Suite 800
New York, New York 10036
(212) 403-7300

250211 v1

WAIVER OF SERVICE OF SUMMONS

TO:   Debra L. Raskin, Vladeck, Waldman, Elias & Engelhard, P.C.

      I acknowledge receipt of your request that I waive service of a Summons in the action of Abercrombie & Fitch Trading Co, in which the entities on whose behalf I am acting are named as defendant, and its case number is 08 Civ. 01859 in the United States District Court for the Southern District New York. I have also received a copy of the Complaint in the action, two copies of this instrument, and a means by which I can return the signed waiver to you without cost to me.

      I agree to save the cost of service of a Summons and an additional copy of the Complaint in this lawsuit by not requiring that the entities on whose behalf I am acting be served with judicial process in the manner provided by Federal Rule of Civil Procedure 4. The entities on whose behalf I am acting will retain all defenses or objections to the lawsuit or to the jurisdiction or venue of the Court except for objections based on a defect in the Summons or in the service of the Summons.

      I understand that a judgment may be entered against the entities on whose behalf I am acting if an answer or motion under Federal Rule of Civil Procedure 12 is not served upon you within 60 days after February 29, 2008, or within 90 days after that date if the request was sent outside the United States.

_March 3, 2008_    By: _Sandra J. Anderson_
Date                    SANDRA J. ANDERSON
                        ONE OF THE ATTORNEYS FOR DEFENDANT

Duty to Avoid Unnecessary Costs of Service of Summons

Rule 4 of the Federal Rules of Civil Procedure requires certain parties to cooperate in saving unnecessary costs of service of the Summons and Complaint. A defendant who, after being notified of an action and asked to waive service of a Summons, fails to do so, will be required to bear the cost of such service unless good cause be shown for its failure to sign and return the waiver.

It is not good cause for a failure to waive service that a party believes that the Complaint is unfounded, or that the action has been brought in an improper place or in a court that lacks jurisdiction over the subject matter of the action or even its person or property. A party who waives service of the Summons retains all defenses and objections (except any relating to the Summons or to the service of the Summons), and may later object to the jurisdiction of the court or to the place where the action has been brought.

A defendant who waives service must within the time specified on the waiver form serve on the plaintiff's attorney (or unrepresented plaintiff) with a response to the Complaint and must also file a signed copy of the response with the court. If the answer or motion is not served within this time, a default judgment may be taken against the defendant. By waiving service, a defendant is allowed more time to answer than if the Summons has been actually served when the request for waiver of service was received.

250211 v1                       2