UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
SHONECA DAVIS,
DAWUD EUDELLE,
JACLYN PAGNOTTA, and
DAVID POMALES

08 CV 01859 (PKC) (AJP)

Individually and on behalf of all others similarly situated,
and

**ANSWER TO FIRST
AMENDED COMPLAINT**

KENNETH FINGERMAN,

             Plaintiffs,

    -against-

ABERCROMBIE & FITCH CO.
ABERCROMBIE & FITCH STORES, INC.
ABERCROMBIE & FITCH TRADING CO.
        d/b/a Abercrombie & Fitch,
        Abercrombie, Hollister and Ruehl,

             Defendants.
------------------------------------------------------------------------X

      Defendants Abercrombie & Fitch Co., Abercrombie & Fitch Stores, Inc., and

Abercrombie & Fitch Trading Co. (hereinafter collectively referred to as "Defendants"), by and

through their undersigned attorneys, answer the First Amended Complaint of Plaintiffs Shoneca

Davis, Dawud Eudelle, Jaclyn Pagnotta, David Pomales, and Kenneth Fingerman ("Plaintiffs'"),

in accordance with its numbered paragraphs as follows:

        1.     In response to Paragraph 1 of Plaintiffs' First Amended Complaint,

Defendants admit that Plaintiffs purport to bring an action on behalf of themselves for alleged

violations of the statutes contained in Paragraph 1 and for the relief requested in Paragraph 1.

Defendants deny that they violated any of the statutes in Paragraph 1 or that Plaintiffs are entitled

to any of the damages requested therein. Defendants deny that they took any action on which to

base any of the allegations in Plaintiffs' First Amended Complaint, and deny the remaining allegations contained in Paragraph 1.

2.      In response to Paragraph 2 of Plaintiffs' First Amended Complaint, Defendants state that Plaintiff Davis purports to bring this action to assert the various claims contained in Paragraph 2, but deny that they took any of the action alleged in Paragraph 2. Defendants deny the remaining allegations contained in Paragraph 2.

3.      In response to Paragraph 3 of Plaintiffs' First Amended Complaint, Defendants state that Plaintiff Eudelle purports to bring this action to assert the various claims contained in Paragraph 3, but deny that they took any of the action alleged in Paragraph 3. Defendants deny the remaining allegations contained in Paragraph 3.

4.      In response to Paragraph 4 of Plaintiffs' First Amended Complaint, Defendants state that Plaintiff Pagnotta purports to bring this action to assert the various claims contained in Paragraph 4, but deny that they took any of the action alleged in Paragraph 4. Defendants deny the remaining allegations contained in Paragraph 4.

5.      In response to Paragraph 5 of Plaintiffs' First Amended Complaint, Defendants state that Plaintiff Pomales purports to bring this action to assert the various claims contained in Paragraph 5, but deny that they took any of the actions alleged in Paragraph 5. Defendants deny the remaining allegations contained in Paragraph 5.

6.      In response to Paragraph 6 of Plaintiffs' First Amended Complaint, Defendants state that Plaintiff Fingerman purports to bring this action to assert the various claims contained in Paragraph 6, but deny that they took any of the actions alleged in Paragraph 6. Defendants deny the remaining allegations contained in Paragraph 6.

2

7.    In response to Paragraph 7 of Plaintiffs' First Amended Complaint, Defendants state that this Court lacks subject matter jurisdiction over Plaintiffs' First and Second Causes of Action (Paragraphs 136-143) because there is no "case or controversy" over such allegations.  Defendants admit that this Court has jurisdiction as Plaintiffs allege over the remaining Causes of Action.

8.    Defendants deny the first sentence of Paragraph 8 of Plaintiffs' First Amended Complaint, but admit the second sentence.

9.    Defendants deny the allegations contained in Paragraph 9 of Plaintiffs' First Amended Complaint.

10.    Defendants deny that this Court has supplemental jurisdiction over Plaintiffs' Second Causes of Action (paragraphs 140-143).  Defendants deny the remaining allegations contained in Paragraph 10 of Plaintiffs' First Amended Complaint.

11.    Defendants admit the allegations contained in Paragraph 11 of Plaintiffs' First Amended Complaint, except as they relate to Plaintiffs' First and Second Causes of Action (paragraphs 136-143 of Plaintiffs' First Amended Complaint).

12.    Defendants are without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 12 of Plaintiffs' First Amended Complaint.

13.    In response to Paragraph 13 of Plaintiffs' First Amended Complaint, Defendants admit that the EEOC issued notices of right to sue to Plaintiffs Davis, Eudelle, and Pomales, and Defendants are without knowledge or information sufficient to form a belief as to the remaining allegations contained in Paragraph 13 of Plaintiffs' First Amended Complaint.

14.    Upon information and belief, Defendants admit that Plaintiff Davis is an African-American woman.  Defendants admit that Plaintiff Davis worked in Abercrombie &

Fitch stores in New Jersey and New York City beginning in August 2006 until she voluntarily resigned that employment in August 2007. Defendants deny that Plaintiff Davis was constructively discharged. Defendants are without knowledge or information sufficient to form a belief as to the remaining allegations contained in Paragraph 14 of Plaintiffs' First Amended Complaint.

15.    Upon information and belief, Defendants admit that Plaintiff Eudelle is an African-American man. Defendants admit Plaintiff Eudelle has worked in Abercrombie & Fitch stores in New York City since September 2005. Defendants are without knowledge or information sufficient to form a belief as to the remaining allegations contained in Paragraph 15 of Plaintiffs' First Amended Complaint.

16.    Upon information and belief, Defendants admit that Plaintiff Pagnotta is a woman. Defendants admit Plaintiff Pagnotta worked in stores in New York City beginning in June 2006 until she voluntarily resigned that employment in March 2007. Defendants deny that Plaintiff Pagnotta was constructively discharged. Defendants are without knowledge or information sufficient to form a belief as to the remaining allegations contained in Paragraph 16 of Plaintiffs' First Amended Complaint.

17.    Defendants admit that Plaintiff Pomales worked in Abercrombie & Fitch stores in New York City starting in July 2005. Defendants are without knowledge or information sufficient to form a belief as to the remaining allegations contained in Paragraph 17 of Plaintiffs' First Amended Complaint.

18.    Upon information and belief, Defendants admit that Plaintiff Fingerman is a man. Defendants admit that Plaintiff Fingerman worked in Abercrombie & Fitch stores in New York City from January 2007 until he voluntarily resigned that employment in July 2007.

19580.1 6/18/2008

Defendants deny that Plaintiff Fingerman was constructively discharged. Defendants are without knowledge or information sufficient to form a belief as to the remaining allegations contained in Paragraph 18 of Plaintiffs' First Amended Complaint.

19.     Defendants admit the allegations contained in the first two sentences of Paragraph 19 of Plaintiffs' First Amended Complaint, but deny the allegations in the third sentence and respectfully refer all questions of law to the Court.

20.     Defendants admit the allegations contained in Paragraph 20 of Plaintiffs' First Amended Complaint.

21.     Defendants deny that Defendant Abercrombie & Fitch Stores, Inc. is a Delaware Corporation, but admit that Abercrombie & Fitch Stores, Inc. is registered to do business in New York. Defendants deny the remaining allegations contained in Paragraph 21 of Plaintiffs' First Amended Complaint and respectfully refer all questions of law to the Court.

22.     Defendants deny that Defendant Abercrombie & Fitch Trading Co. is a Delaware corporation, but admit Abercrombie & Fitch Trading Co. is registered to do business in New York. Defendants deny the remaining allegations contained in Paragraph 22 of Plaintiffs' First Amended Complaint and respectfully refer all questions of law to the Court.

23.     Defendants admit that while Plaintiffs were employed by Defendant Abercrombie & Fitch Stores, Inc. they worked in commerce. Defendants deny the remaining allegations contained in Paragraph 23 of Plaintiffs' First Amended Complaint.

24.     Defendants deny the allegations contained in Paragraph 24 of Plaintiffs' First Amended Complaint.

19580.1 6/18/2008

25.     Defendants admit that Plaintiffs purport to bring this action on behalf of themselves and similarly situated current and former employees, but deny all remaining allegations contained in Paragraph 25 of Plaintiffs' First Amended Complaint.

26.     Defendants admit that Plaintiffs Eudelle, Pagnotta and Pomales purport to bring an action on behalf of themselves and all other similarly situated current and former employees, but deny all remaining allegations contained in Paragraph 26 of Plaintiffs' First Amended Complaint.

27.     Defendants deny the allegations contained in Paragraph 27 of Plaintiffs' First Amended Complaint.

28.     Defendants admit that Plaintiffs purport to bring a collective action under 29 U.S.C. § 216(b), but deny all remaining allegations contained in Paragraph 28 of Plaintiffs' First Amended Complaint.

29.     Defendants admit that Plaintiffs purport to bring a class action pursuant to Federal Rule of Civil Procedure 23(a) and (b)(3), but deny all remaining allegations contained in Paragraph 29 of Plaintiffs' First Amended Complaint.

30.     Defendants deny that there are any potential class members and deny all remaining allegations contained in Paragraph 30 of Plaintiffs' First Amended Complaint.

31.     Defendants deny the allegations contained in Paragraph 31 of Plaintiffs' First Amended Complaint.

32.     Defendants deny the allegations contained in Paragraph 32 of Plaintiffs' First Amended Complaint.

33.     Defendants deny the allegations contained in Paragraph 33 of Plaintiffs' First Amended Complaint.

19580.1 6/18/2008

34.    Defendants admit the allegations of the second sentence contained in Paragraph 34 of Plaintiffs' First Amended Complaint, but deny the remaining allegations contained in Paragraph 34.

35.    Defendants admit that Abercrombie & Fitch Stores, Inc. operates retail clothing stores named Abercrombie & Fitch and abercrombie.  Defendants admit that the Fifth Avenue Abercrombie & Fitch store opened in or about November 2005 and that there are two Abercrombie & Fitch stores in New York City, South Street Seaport and Fifth Avenue. Defendants deny the remaining allegations contained in Paragraph 35 of Plaintiffs' First Amended Complaint.

36.    Defendants admit the first sentence of Paragraph 36 of Plaintiffs' First Amended Complaint and admit that while working in the Fifth Avenue location, Plaintiffs' duties included, but were not limited to, those contained in the second sentence of Paragraph 36.

37.    Defendants admit the allegations contained in Paragraph 37 of Plaintiffs' First Amended Complaint.

38.    In response to Paragraph 38 of Plaintiffs' First Amended Complaint, Defendants state that Plaintiffs Davis, Eudelle, Pomales and Pagnotta were exempt employees during a portion of their employment and properly compensated as such.  Plaintiffs were classified as non-exempt during employment in and after November 2006 and received overtime pay for work in excess of forty hours per week.  Defendants deny the remaining allegations contained in Paragraph 38 of Plaintiffs' First Amended Complaint.

39.    Defendants deny the allegations contained in Paragraph 39.

40.    Defendants deny the allegations contained in Paragraph 40 of Plaintiffs' First Amended Complaint.

19580.1 6/18/2008

41.    In response to Paragraph 41 of Plaintiffs' First Amended Complaint, Defendants state that Plaintiffs were properly compensated for all hours worked. Defendants deny the remaining allegations contained in Paragraph 41.

42.    Defendants deny the allegations contained in Paragraph 42 of Plaintiffs' First Amended Complaint.

43.    Defendants deny the allegations contained in Paragraph 43 of Plaintiffs' First Amended Complaint.

44.    Defendants are without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 44 of Plaintiffs' First Amended Complaint.

45.    Defendants state that Plaintiff Davis was assigned to loss prevention duties in three stores, but deny the remaining allegations contained in Paragraph 45 of Plaintiffs' First Amended Complaint.

46.    Defendants deny the allegations contained in Paragraph 46 of Plaintiffs' First Amended Complaint.

47.    Defendants deny the allegations contained in Paragraph 47 of Plaintiffs' First Amended Complaint.

48.    Defendants deny the allegations contained in Paragraph 48 of Plaintiffs' First Amended Complaint.

49.    Defendants state that Hector Graciani was one of Plaintiff Davis' supervisors in 2006. Defendants are without information or knowledge sufficient to form a belief as to whether Ms. Graciani and Plaintiff Davis met at Starbucks in the mall on Plaintiff Davis' first day of employment to fill out paperwork. Defendants deny the remaining allegations contained in Paragraph 49 of Plaintiffs' First Amended Complaint.

19580.1 6/18/2008

50.    Defendants deny the allegations contained in Paragraph 50 of Plaintiffs' First Amended Complaint.

51.    Defendants deny the allegations contained in Paragraph 51 of Plaintiffs' First Amended Complaint.

52.    Defendants state that Plaintiff Davis spoke to Regional Loss Prevention Manager Robert Ruiz about Hector Graciani, but deny the remaining allegations contained in Paragraph 52 of Plaintiffs' First Amended Complaint.

53.    Defendants deny the allegations contained in Paragraph 53 of Plaintiffs' First Amended Complaint.

54.    In response to Paragraph 54 of Plaintiffs' First Amended Complaint, Defendants state that in 2006 and 2007, Mr. Graciani transferred between various stores, but deny the remaining allegations contained in Paragraph 54.

55.    In response to Paragraph 55 of Plaintiffs' First Amended Complaint, Defendants state that Plaintiff Davis was transferred to Abercrombie's Fifth Avenue Store in March 2007. Defendants deny the remaining allegations contained in Paragraph 55.

56.    Defendants state that Plaintiff Davis was assigned to work the overnight shift twice a week and worked more than two overnight shifts per week when Plaintiff Eudelle took a medical leave of absence in 2007. Defendants deny the remaining allegations contained in Paragraph 56 of Plaintiffs' First Amended Complaint.

57.    Defendants state that in 2007 an employee displayed a firearm on store premises during the overnight shift, but deny the remaining allegations contained in Paragraph 57 of Plaintiffs' First Amended Complaint.

19580.1 6/18/2008

58.    Defendants are without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 58 of Plaintiffs' First Amended Complaint.

59.    Defendants state that Plaintiff Davis spoke to Mr. Ruiz about safety, but are without knowledge or information sufficient to form a belief as to what, if anything, she told Damon Byron. Defendants state that Loss Prevention Associates rotate on the overnight shift and that Plaintiff Davis was scheduled to work two overnight shifts per week. Defendants deny the remaining allegations contained in Paragraph 59 of Plaintiffs' First Amended Complaint.

60.    Defendants are without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 60 of Plaintiffs' First Amended Complaint.

61.    Defendants are without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 61 of Plaintiffs' First Amended Complaint.

62.    Defendants deny the allegations contained in Paragraph 62 of Plaintiffs' First Amended Complaint.

63.    Defendants deny the allegations contained in Paragraph 63 of Plaintiffs' First Amended Complaint.

64.    Defendants deny the allegations contained in Paragraph 64 of Plaintiffs' First Amended Complaint.

65.    Defendants deny the allegations contained in Paragraph 65 of Plaintiffs' First Amended Complaint.

66.    Defendants deny the allegations contained in Paragraph 66 of Plaintiffs' First Amended Complaint.

19580.1 6/18/2008

67.     Defendants state that Plaintiff Davis spoke with Mr. Ruiz regarding her knee and that she was offered special accommodations, but deny the remaining allegations contained in Paragraph 67 of Plaintiffs' First Amended Complaint.

68.     Defendants state that Plaintiff produced medical documentation at times during her employment, but are without knowledge or information sufficient to form a belief as to the remaining allegations contained in Paragraph 68.

69.     In response to Paragraph 69 of Plaintiffs' First Amended Complaint, Defendants state that Plaintiff submitted a fraudulent document, but deny the remaining allegations contained in Paragraph 69 of Plaintiffs' First Amended Complaint.

70.     Defendants deny the allegations contained in Paragraph 70 of Plaintiffs' First Amended Complaint.

71.     Defendants deny the allegations contained in Paragraph 71 of Plaintiffs' First Amended Complaint.

72.     Defendants deny the allegations contained in Paragraph 72 of Plaintiffs' First Amended Complaint.

73.     Defendants state that Plaintiff Eudelle began work at Abercrombie in September 2005. Upon information and belief, Defendants state that Plaintiff is African American and admit that he has worn his hair in braids. Defendants deny the remaining allegations contained in Paragraph 73 of Plaintiffs' First Amended Complaint.

74.     Defendants deny the allegations contained in Paragraph 74 of Plaintiffs' First Amended Complaint.

75.     Defendants deny the allegations contained in Paragraph 75 of Plaintiffs' First Amended Complaint.

11

76.     Defendants deny the allegations contained in Paragraph 76 of Plaintiffs'
First Amended Complaint.

77.     In response to Paragraph 77 of Plaintiffs' First Amended Complaint,
Defendants state that Plaintiff Eudelle was trained at South Street Seaport and that he was hired
to work overnight shifts.  Defendants deny the remaining allegations contained in Paragraph 77.

78.     Defendants deny the allegations contained in Paragraph 78 of Plaintiffs'
First Amended Complaint.

79.     Defendants deny the allegations contained in Paragraph 79 of Plaintiffs'
First Amended Complaint.

80.     Defendants deny the allegations contained in Paragraph 80 of Plaintiffs'
First Amended Complaint.

81.     Defendants deny the allegations contained in Paragraph 81 of Plaintiffs'
First Amended Complaint.

82.     Defendants deny the allegations contained in Paragraph 82 of Plaintiffs'
First Amended Complaint.

83.     Defendants deny the allegations contained in Paragraph 83 of Plaintiffs'
First Amended Complaint.

84.     Defendants deny the allegations contained in Paragraph 84 of Plaintiffs'
First Amended Complaint.

85.     Defendants deny the allegations contained in Paragraph 85 of Plaintiffs'
First Amended Complaint.

19580.1 6/18/2008

86.    Defendants state that at some point Plaintiff Eudelle requested a raise, but deny the remaining allegations contained in Paragraph 86 of Plaintiffs' First Amended Complaint.

87.    Defendants deny the allegations contained in Paragraph 87 of Plaintiffs' First Amended Complaint.

88.    Defendants are without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 88.

89.    Defendants state that Plaintiff Pagnotta started at the South Street Seaport location in June 2006, but deny the remaining allegations contained in Paragraph 89 of Plaintiffs' First Amended Complaint.

90.    Defendants deny the allegations contained in Paragraph 90 of Plaintiffs' First Amended Complaint.

91.    Defendants state that Mr. Oliveras was a manager at South Street Seaport and that Plaintiff Pagnotta worked with Jesus Ramirez at South Street Seaport.  Defendants deny the remaining allegations contained in Paragraph 91 of Plaintiffs' First Amended Complaint.

92.    Defendants deny the allegations contained in Paragraph 92 of Plaintiffs' First Amended Complaint.

93.    Defendants are without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 93 of Plaintiffs' First Amended Complaint.

94.    Defendants are without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 94 of Plaintiffs' First Amended Complaint.

95.    Upon information and belief, Defendants deny the allegations contained in Paragraph 95 of Plaintiffs' First Amended Complaint.

19580.1 6/18/2008

96.    Defendants are without knowledge or information sufficient to form a belief as to the allegations contained in the first sentence of Paragraph 96 of Plaintiffs' First Amended Complaint.  Upon information and belief, Defendants deny the allegations contained in the second sentence of Paragraph 96.

97.    Defendants deny the allegations contained in Paragraph 97 of Plaintiffs' First Amended Complaint.

98.    Defendants deny the allegations contained in Paragraph 98 of Plaintiff's First Amended Complaint.

99.    Defendants deny the allegations contained in Paragraph 99 of Plaintiffs' First Amended Complaint.

100.    Defendants state that Plaintiff Pagnotta spoke with Mr. Ruiz about rumors that she was dating Plaintiff Pomales, but deny the remaining allegations contained in Paragraph 100 of Plaintiffs' First Amended Complaint.

101.    Defendants state that Mr. Ruiz called a meeting of Fifth Avenue Loss Prevention staff to discuss a number of issues.  Defendants deny the remaining allegations contained in Paragraph 101 of Plaintiffs' First Amended Complaint.

102.    Upon information and belief, Defendants deny the allegations contained in Paragraph 102 of Plaintiffs' First Amended Complaint.

103.    Defendants deny the allegations contained in Paragraph 103 of Plaintiffs' First Amended Complaint.

104.    Defendants deny the allegations contained in Paragraph 104 of Plaintiffs' First Amended Complaint.

14

105.    Defendants deny the allegations contained in Paragraph 105 of Plaintiffs' First Amended Complaint.

106.    Defendants deny the allegations contained in Paragraph 106 of Plaintiffs' First Amended Complaint.

107.    Defendants deny the allegations contained in Paragraph 107 of Plaintiffs' First Amended Complaint.

108.    Defendants are without knowledge or information sufficient to form a belief as to the allegation contained in Paragraph 108 of Plaintiffs' First Amended Complaint.

109.    Defendants state that Mr. Ruiz asked Plaintiff Pagnotta to help organize paperwork, but deny the remaining allegations contained in Paragraph 109 of Plaintiffs' First Amended Complaint.

110.    Defendants deny the allegations contained in Paragraph 110 of Plaintiffs' First Amended Complaint.

111.    Defendants deny the allegations contained in Paragraph 111 of Plaintiffs' First Amended Complaint.

112.    Defendants deny the allegations contained in Paragraph 112 of Plaintiffs' First Amended Complaint.

113.    Defendants are without knowledge or information sufficient to form a belief as to the allegations contained in the first sentence of Paragraph 113 of Plaintiffs' Complaint.  Defendants admit the allegations contained in the second sentence of Paragraph 113.

114.    Defendants deny the allegations contained in Paragraph 114 of Plaintiffs' First Amended Complaint.

15

115.    Defendants deny the allegations contained in Paragraph 115 of Plaintiffs' First Amended Complaint.

116.    Defendants state that David Pomales made a hotline call regarding Damon Byron, but deny the remaining allegations contained in Paragraph 116 of Plaintiffs' First Amended Complaint.

117.    In response to Paragraph 117 of Plaintiffs' First Amended Complaint, Defendants state that an investigation was conducted by human resources and that Mr. Ruiz was part of the investigation.  Defendants deny the remaining allegations contained in Paragraph 117 of Plaintiffs' First Amended Complaint.

118.    Defendants deny the allegations contained in Paragraph 118 of Plaintiffs' First Amended Complaint.

119.    Defendants deny the allegations contained in Paragraph 119 of Plaintiffs' First Amended Complaint.

120.    Defendants deny the allegations contained in Paragraph 120 of Plaintiffs' First Amended Complaint.

121.    Defendants state that Mr. Byron's responsibilities were changed in November 2007 and that Plaintiff Pomales was not promoted, but deny the remaining allegations contained in Paragraph 121 of Plaintiffs' First Amended Complaint.

122.    Defendants state that Plaintiff Pomales and Mr. Ruiz spoke regarding what Plaintiff Pomales could do to improve and that Mr. Ruiz responded that he should continue to take a leadership role in the store.  Defendants deny the remaining allegations contained in Paragraph 122 of Plaintiffs' First Amended Complaint.

19580.1 6/18/2008

123.     Defendants admit the allegations contained in Paragraph 123 of Plaintiffs' First Amended Complaint.

124.     Defendants deny the allegations contained in Paragraph 124 of Plaintiffs' First Amended Complaint.

125.     Defendants deny the allegations contained in Paragraph 125 of Plaintiffs' First Amended Complaint.

126.     Defendants deny the allegations contained in Paragraph 126 of Plaintiffs' First Amended Complaint.

127.     Defendants deny the allegations contained in Paragraph 127 of Plaintiffs' First Amended Complaint.

128.     Defendants state that Plaintiff Fingerman was suspected of violating the Non-Fraternization Policy and that Mr. Byron discussed the violation with Plaintiff Fingerman, but deny the remaining allegations contained in Paragraph 128 of Plaintiffs' First Amended Complaint.

129.     Defendants deny the allegations contained in Paragraph 129 of Plaintiffs' First Amended Complaint.

130.     Defendants deny the allegations contained in Paragraph 130 of Plaintiffs' First Amended Complaint.

131.     Defendants deny the allegations contained in Paragraph 131 of Plaintiffs' First Amended Complaint.

132.     Defendants deny the allegations contained in Paragraph 132 of Plaintiffs' First Amended Complaint.

19580.1 6/18/2008

133.    Defendants are without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 133 of Plaintiffs' First Amended Complaint.

134.    Defendants deny the allegations contained in Paragraph 134 of Plaintiffs' First Amended Complaint.

135.    Defendants deny the allegations contained in Paragraph 135 of Plaintiffs' First Amended Complaint.

136.    In response to Paragraph 136 of Plaintiffs' First Amended Complaint, Defendants incorporate their responses to Paragraphs 1 through 135, as though the same were set forth expressly herein.

137.    Defendants deny the allegations contained in Paragraph 137 of Plaintiffs' First Amended Complaint.

138.    Defendants deny the allegations contained in Paragraph 138 of Plaintiffs' First Amended Complaint.

139.    Defendants deny the allegations contained in Paragraph 139 of Plaintiffs' First Amended Complaint.

140.    In response to Paragraph 140 of Plaintiffs' First Amended Complaint, Defendants incorporate their responses to Paragraphs 1 through 139, as though the same were set forth expressly herein.

141.    Defendants deny the allegations contained in Paragraph 141 of Plaintiffs' First Amended Complaint.

142.    Defendants deny the allegations contained in Paragraph 142 of Plaintiffs' First Amended Complaint.

19580.1 6/18/2008

143.    Defendants deny the allegations contained in Paragraph 143 of Plaintiffs' First Amended Complaint.

144.    In response to Paragraph 144 of Plaintiffs' First Amended Complaint, Defendants incorporate their responses to Paragraphs 1 through 143, as though the same were set forth expressly herein.

145.    Defendants deny the allegations contained in Paragraph 145 of Plaintiffs' First Amended Complaint.

146.    Defendants deny the allegations contained in Paragraph 146 of Plaintiffs' First Amended Complaint.

147.    Defendants deny the allegations contained in Paragraph 147 of Plaintiffs' First Amended Complaint.

148.    In response to Paragraph 148 of Plaintiffs' First Amended Complaint, Defendants incorporate their responses to Paragraphs 1 through 147, as though the same were set forth expressly herein.

149.    Defendants deny the allegations contained in Paragraph 149 of Plaintiffs' First Amended Complaint.

150.    Defendants deny the allegations contained in Paragraph 150 of Plaintiffs' First Amended Complaint.

151.    Defendants deny the allegations contained in Paragraph 151 of Plaintiffs' First Amended Complaint.

152.    In response to Paragraph 152 of Plaintiffs' First Amended Complaint, Defendants incorporate their responses to Paragraphs 1 through 151, as though the same were set forth expressly herein.

19580.1 6/18/2008

153.    Defendants deny the allegations contained in Paragraph 153 of Plaintiffs' First Amended Complaint.

154.    Defendants deny the allegations contained in Paragraph 154 of Plaintiffs' First Amended Complaint.

155.    In response to Paragraph 155 of Plaintiffs' First Amended Complaint, Defendants incorporate their responses to Paragraphs 1 through 154, as though the same were set forth expressly herein.

156.    Defendants deny the allegations contained in Paragraph 156 of Plaintiffs' First Amended Complaint.

157.    Defendants deny the allegations contained in Paragraph 157 of Plaintiffs' First Amended Complaint.

158.    In response to Paragraph 158 of Plaintiffs' First Amended Complaint, Defendants incorporate their responses to Paragraphs 1 through 157, as though the same were set forth expressly herein.

159.    Defendants deny the allegations contained in Paragraph 159 of Plaintiffs' First Amended Complaint.

160.    Defendants deny the allegations contained in Paragraph 160 of Plaintiffs' First Amended Complaint.

161.    In response to Paragraph 161 of Plaintiffs' First Amended Complaint, Defendants incorporate their responses to Paragraphs 1 through 160, as though the same were set forth expressly herein.

162.    Defendants deny the allegations contained in Paragraph 162 of Plaintiffs' First Amended Complaint.

163.    Defendants deny the allegations contained in Paragraph 163 of Plaintiffs' First Amended Complaint.

164.    In response to Paragraph 164 of Plaintiffs' First Amended Complaint, Defendants incorporate their responses to Paragraphs 1 through 163, as though the same were set forth expressly herein.

165.    Defendants deny the allegations contained in Paragraph 165 of Plaintiffs' First Amended Complaint.

166.    Defendants deny the allegations contained in Paragraph 166 of Plaintiffs' First Amended Complaint.

167.    Defendants deny the allegations contained in Paragraph 167 of Plaintiffs' First Amended Complaint.

168.    In response to Paragraph 168 of Plaintiffs' First Amended Complaint, Defendants incorporate their responses to Paragraphs 1 through 167, as though the same were set forth expressly herein.

169.    Defendants deny the allegations contained in Paragraph 169 of Plaintiffs' First Amended Complaint.

170.    Defendants deny the allegations contained in Paragraph 170 of Plaintiffs' First Amended Complaint.

171.    Defendants deny the allegations contained in Paragraph 171 of Plaintiffs' First Amended Complaint.

172.    In response to Paragraph 172 of Plaintiffs' First Amended Complaint, Defendants incorporate their responses to Paragraphs 1 through 171, as though the same were set forth expressly herein.

173.    Defendants deny the allegations contained in Paragraph 173 of Plaintiffs' First Amended Complaint.

174.    Defendants deny the allegations contained in Paragraph 174 of Plaintiffs' First Amended Complaint.

175.    Defendants deny the allegations contained in Paragraph 175 of Plaintiffs' First Amended Complaint.

176.    In response to Paragraph 176 of Plaintiffs' First Amended Complaint, Defendants incorporate their responses to Paragraphs 1 through 175, as though the same were set forth expressly herein.

177.    Defendants deny the allegations contained in Paragraph 177 of Plaintiffs' First Amended Complaint.

178.    Defendants deny the allegations contained in Paragraph 178 of Plaintiffs' First Amended Complaint.

179.    Defendants deny the allegations contained in Paragraph 179 of Plaintiffs' First Amended Complaint.

180.    In response to Paragraph 180 of Plaintiffs' First Amended Complaint, Defendants incorporate their responses to Paragraphs 1 through 179, as though the same were set forth expressly herein.

181.    Defendants deny the allegations contained in Paragraph 181 of Plaintiffs' First Amended Complaint.

182.    Defendants deny the allegations contained in Paragraph 182 of Plaintiffs' First Amended Complaint.

19580.1 6/18/2008

183.    Defendants deny the allegations contained in Paragraph 183 of Plaintiffs' First Amended Complaint.

184.    In response to Paragraph 184 of Plaintiffs' First Amended Complaint, Defendants incorporate their responses to Paragraphs 1 through 183, as though the same were set forth expressly herein.

185.    Defendants deny the allegations contained in Paragraph 185 of Plaintiffs' First Amended Complaint.

186.    Defendants deny the allegations contained in Paragraph 186 of Plaintiffs' First Amended Complaint.

187.    Defendants deny the allegations contained in Paragraph 187 of Plaintiffs' First Amended Complaint.

188.    In response to Paragraph 188 of Plaintiffs' First Amended Complaint, Defendants incorporate their responses to Paragraphs 1 through 187, as though the same were set forth expressly herein.

189.    Defendants deny the allegations contained in Paragraph 189 of Plaintiffs' First Amended Complaint.

190.    Defendants deny the allegations contained in Paragraph 190 of Plaintiffs' First Amended Complaint.

191.    In response to Paragraph 191 of Plaintiffs' First Amended Complaint, Defendants incorporate their responses to Paragraphs 1 through 190, as though the same were set forth expressly herein.

192.    Defendants deny the allegations contained in Paragraph 192 of Plaintiffs' First Amended Complaint.

19580.1 6/18/2008

193.    Defendants deny the allegations contained in Paragraph 193 of Plaintiffs' First Amended Complaint.

194.    Defendants deny the allegations contained in Paragraph 194 of Plaintiffs' First Amended Complaint.

195.    In response to Paragraph 195 of Plaintiffs' First Amended Complaint, Defendants incorporate their responses to Paragraphs 1 through 194, as though the same were set forth expressly herein.

196.    Defendants deny the allegations contained in Paragraph 196 of Plaintiffs' First Amended Complaint.

197.    Defendants deny the allegations contained in Paragraph 197 of Plaintiffs' First Amended Complaint.

198.    Defendants deny the allegations contained in Paragraph 198 of Plaintiffs' First Amended Complaint.

199.    In response to Paragraph 199 of Plaintiffs' First Amended Complaint, Defendants incorporate their responses to Paragraphs 1 through 198, as though the same were set forth expressly herein.

200.    Defendants deny the allegations contained in Paragraph 200 of Plaintiffs' First Amended Complaint.

201.    Defendants deny the allegations contained in Paragraph 201 of Plaintiffs' First Amended Complaint.

202.    Defendants deny the allegations contained in Paragraph 202 of Plaintiffs' First Amended Complaint.

19580.1 6/18/2008

203.    In response to Paragraph 203 of Plaintiffs' First Amended Complaint, Defendants incorporate their responses to Paragraphs 1 through 202, as though the same were set forth expressly herein.

204.    Defendants deny the allegations contained in Paragraph 204 of Plaintiffs' First Amended Complaint.

205.    Defendants deny the allegations contained in Paragraph 205 of Plaintiffs' First Amended Complaint.

206.    Defendants deny the allegations contained in Paragraph 206 of Plaintiffs' First Amended Complaint.

207.    Defendants deny that Plaintiffs are entitled to any relief requested in the Prayer For Relief paragraphs (a)-(q).

208.    Defendants deny each and every allegation of Plaintiff's First Amended Complaint that is not herein specifically admitted to be true.

## FIRST AFFIRMATIVE DEFENSE

Plaintiffs' First Amended Complaint fails, in whole or in part, to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

Plaintiffs Davis, Eudelle, Pomales and Pagnotta were exempt for all or part of their respective employment from the overtime pay requirements of the FLSA and New York Labor law.

## THIRD AFFIRMATIVE DEFENSE

Plaintiffs' First Amended Complaint is barred, in whole or in part, under the equitable doctrines of waiver, laches, and estoppel.

19580.1 6/18/2008

## FOURTH AFFIRMATIVE DEFENSE

Plaintiffs' First Amended Complaint is barred by the doctrine of unclean hands.

## FIFTH  AFFIRMATIVE DEFENSE

Defendants had and have no intention to violate any provision of the FLSA, FMLA, or New York Labor Law.  Therefore, Defendants have not willfully violated the FLSA, FMLA or New York Labor Law.

## SIXTH AFFIRMATIVE DEFENSE

Defendants have acted in a good faith belief that they are and were complying with all applicable provisions of the FMLA, the FLSA, and New York Labor law.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiffs lack standing to sue on behalf of the purported members of the collective and class actions.

## EIGHTH AFFIRMATIVE DEFENSE

This case is not appropriate for a collective or class action because Plaintiffs are not similarly situated to the other members of the purported class.

## NINTH AFFIRMATIVE DEFENSE

Plaintiffs do not satisfy the requirements for a class action under Rule 23 of the Federal Rules of Civil Procedure.

## TENTH AFFIRMATIVE DEFENSE

Defendant Abercrombie & Fitch Co. is not an employer subject to the FLSA, the New York Minimum Wage Act, the Family and Medical Leave Act or any of the civil rights statutes asserted in this case.  Accordingly, it is not a proper Defendant in this action.

19580.1 6/18/2008

### ELEVENTH AFFIRMATIVE DEFENSE

Defendant Abercrombie & Fitch Trading Co. did not employ any of the named Plaintiffs or any of the purported class members. Accordingly, it is not a proper Defendant in this action.

### TWELFTH AFFIRMATIVE DEFENSE

Plaintiffs assert claims and seek relief in violation of Defendants' due process rights as provided for in the United States Constitution.

### THIRTEENTH AFFIRMATIVE DEFENSE

Some members of the purported class have been paid overtime pay for hours worked over 40 in a workweek during their employment.

### FOURTEENTH AFFIRMATIVE DEFENSE

This Court lacks subject matter jurisdiction over Plaintiffs' First and Second Causes of Action (Paragraphs 136-143 of Plaintiffs' First Amended Complaint) because Defendants made a Rule 68 Offer of Judgment for full relief, and, accordingly, there is no case or controversy.

### FIFTEENTH AFFIRMATIVE DEFENSE

Defendants have policies in place prohibiting all forms of discrimination, retaliation, and/or harassment against individuals in categories protected by state and federal civil rights laws, and providing procedures for effective and immediate redress and resolution of all such matters. Plaintiffs failed to utilize such procedures and/or Defendants promptly and adequately responded to any complaints of discrimination, harassment, and/or retaliation made by Plaintiffs.

### SIXTEENTH AFFIRMATIVE DEFENSE

19580.1 6/18/2008

Plaintiffs' claims for punitive damages are barred because the alleged acts or omissions of Defendants do not rise to the level required to sustain an award of punitive damages, do not evidence malicious, reckless, or fraudulent intent to deny Plaintiffs their protected rights, are not so wanton or willful as to support an award of punitive damages, and do not otherwise entitle Plaintiffs to punitive damages.

### SEVENTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, by their failure to mitigate their alleged damages, if any.

### EIGHTEENTH AFFIRMATIVE DEFENSE

Upon information and belief, Plaintiffs' claims are barred, in whole or in part, by operation of the applicable statutes of limitations and/or the doctrine of laches.

### NINTEENTH  AFFIRMATIVE DEFENSE

Upon information and belief, Plaintiffs' claims are barred, in whole or in part, by their failure to exhaust administrative remedies.

### TWENTIETH AFFIRMATIVE DEFENSE

Section 901 of New York's Civil Procedure Law and Rules prohibits prosecuting the New York Minimum Wage Act claims as a class action since the Plaintiffs seek liquidated damages.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

The Federal and State collective and class actions asserted in the First Amended Complaint are inherently incompatible, and may not be simultaneously maintained in the same proceeding.

19580.1 6/18/2008

## TWENTY-SECOND AFFIRMATIVE DEFENSE

To the extent any of the state law claims accrued outside of New York State and are pursued by a nonresident of New York, the provisions of CPLR §202 would govern and the shorter limitations period would be applicable to any such claims.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

Any and all actions taken by the Defendants were based upon legitimate, nondiscriminatory reasons, unrelated to Plaintiffs' race, gender, sexual orientation, or any invocation by Plaintiffs of rights arising under federal, state, or local law.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

Plaintiffs' claims should be severed and tried separately.

Defendants reserve the right to amend or further plead any other defenses after a reasonable opportunity for discovery.

19580.1 6/18/2008

      **WHEREFORE**, Defendants respectfully request that Plaintiffs' First Amended Complaint be dismissed in its entirety with prejudice, with Defendants recovering their expenses incurred herein, including costs and attorneys' fees. Defendants request such other and further relief as this Court may deem just and proper.

Dated: June 19, 2008
      New York, New York

                            BOND, SCHOENECK & KING, PLLC
                            Attorneys for Defendants

                            */s/*
                            By: John S. Ho (JH 7831)
                            330 Madison Avenue, 39th Floor
                            New York, NY  10017-5001
                            Telephone:  (646) 253-2320
                            Email:  jho@bsk.com

19580.1 6/18/2008