USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 8/7/08



**BOND, SCHOENECK & KING, PLLC**
ATTORNEYS AT LAW ▪ NEW YORK  FLORIDA  KANSAS

# MEMO ENDORSED

JOHN HO
Member
Direct: (646) 253-2320
jho@bsk.com

August 6, 2008

**VIA FAX**

The Honorable Judge P. Kevin Castel
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

Re:  *Davis, et al. v. Abercrombie & Fitch Co., et al.*
     Case No. 08 CV 01859 (PKC) (AJP)

*[Handwritten: Application for 10 additional pages is granted - SO ORDERED. /s/ PKC USDJ 8-7-08]*

Dear Judge Castel:

We are co-counsel for the Defendants in the above-referenced action. Pursuant to the Court's June 3, 2008 briefing schedule, on or before August 11, 2008, Defendants will be filing a Memorandum in Opposition to Plaintiffs' Motion for Preliminary Certification Pursuant to the FLSA, for Court-Facilitated Notice to Similarly Situated Persons, and for Expedited Discovery. For the reasons stated below, we respectfully request permission to exceed, by ten pages, the 25 page limit for a memorandum of law set forth in Your Honor's Individual Rules.

The Defendants' memorandum of law must address numerous and distinct complex legal arguments. First, the Plaintiffs are moving for preliminary certification pursuant to the Fair Labor Standards Act ("FLSA"). The Plaintiffs allege that before November, 2006, all Loss Prevention Agents ("LPAs") employed by the Defendants in New York and New Jersey were misclassified as exempt and therefore denied overtime pay. The Plaintiffs' certification motion turns on whether LPAs are "similarly situated" within the meaning of controlling law. Briefing this issue requires a complete factual and legal analysis of the misclassification issue allegation.

Second, the Plaintiffs seek a notice of a collective action to be sent to every LPA employed by the Defendants in 86 stores in New York and New Jersey. In doing so, the Plaintiffs move to have this Court judicially approve a deficient proposed opt-in notice and they further request overly broad information about potential class members such as telephone numbers and the last four digits of social security numbers. As with Plaintiffs' first motion, the legal and factual issues with respect to both the deficient notice and request for information requires a thorough analysis.

The Honorable P. Kevin Castel
August 6, 2008
Page 2

Third, the Plaintiffs seek to certify a conditional class that extends back three years. This requires the Plaintiffs to demonstrate that violations of the FLSA were willful. The issue of willfulness is of extreme significance as it may dramatically expand the potential damages and discovery. As with the other issues, a full presentation of the law and facts is necessary to assist you in ruling on this motion.

During the pre-motion conference on May 9, 2008, this Court noted the complexity of the legal issues attendant with these motions. The ten additional pages will provide the in-depth analysis these issues warrant and will enable the Court to better evaluate the merits of each of the distinct legal issues before it.

Thank you for your consideration.

Respectfully Submitted,

BOND, SCHOENECK & KING, PLLC
Attorneys for Defendants

By: John S. Ho (JH 7831)
330 Madison Avenue, 39th Floor
New York, NY 10017-5001
Telephone: (646) 253-2320
Email: jho@bsk.com

cc:   Debra L. Raskin, Esq. (By Fax)
      Allen Kinzer, Esq. (By E-Mail)

20476.1 8/6/2008