UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X·
SHONECA DAVIS,
DAWUD EUDELLE,
JACLYN PAGNOTTA, and
DAVID POMALES

                                           08 CV 01859 (PKC) (AJP)

Individually and on behalf of all others similarly situated,
And                                         **ORAL ARGUMENT**
                                                    **REQUESTED**

KENNETH FINGERMAN,

                        Plaintiffs,

      -against-

ABERCROMBIE & FITCH CO.
ABERCROMBIE & FITCH STORES, INC.
ABERCROMBIE & FITCH TRADING CO.
                    d/b/a Abercrombie & Fitch,
                    Abercrombie, Hollister and Ruehl,

                Defendants.

-----------------------------------------------------------------------X-

## <u>MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION<br>FOR PARTIAL DISMISSAL OF PLAINTIFFS' COMPLAINT<br>PURSUANT TO RULE 12(b)(1), FED.R.CIV. P.</u>

                             VORYS, SATER, SEYMOUR AND PEASE LLP
                             Attorneys for Defendants

                             Sandra J. Anderson  (0002044)
                             Allen S. Kinzer  (0040237)
                             Stacia M. Jones  (0072401)
                             52 East Gay Street, P.O. Box 1008
                             Columbus, Ohio 43216-1006
                             Telephone:  (614) 464-6405

                             BOND, SCHOENECK & KING, PLLC
                             Attorneys for Defendants

                             John S. Ho (JH 7831)
                             330 Madison Avenue, 39th Floor
                             New York, NY  10017-5001
                             Telephone:  (646) 253-2320

[Type text]

## TABLE OF CONTENTS

Page

I.  PRELIMINARY STATEMENT ........................................................... 1

II.  STATEMENT OF FACTS ................................................................ 2

III.  LEGAL ARGUMENT .................................................................... 6

  A.  Standard of Review ................................................................ 6

  B.  An FLSA collective action is properly dismissed for lack of subject
      matter jurisdiction where plaintiffs have been offered full relief for
      their claims pursuant to Fed.R.Civ.P. 68 ............................................ 7

  C.  Because Plaintiffs have been offered full relief, their FLSA claims
      are moot and must be dismissed ..................................................... 9

  D.  Once this Court dismisses Plaintiffs' FLSA claims, it should
      decline to exercise supplemental jurisdiction over their New York
      State Labor Law claims ........................................................... 12

IV.  CONCLUSION ......................................................................... 14

## I.     PRELIMINARY STATEMENT

Plaintiffs Shoneca Davis, Dawud Eudelle, David Pomales and JacLyn Pagnotta ("Plaintiffs"), individually and on behalf of all other persons similarly situated, assert claims against Abercrombie & Fitch Co., Abercrombie & Fitch Stores, Inc. and Abercrombie & Fitch Trading Company (hereinafter referred to as "Abercrombie")[1] pursuant to the Fair Labor Standards Act, 29 U.S.C. § 216, et seq. ("FLSA"), and New York Labor Law §§ 650 et seq. ("New York Labor Law").[2]  All are current or former Loss Prevention Agents (hereinafter referred to as "LPAs") employed at certain of Abercrombie's New Jersey and New York retail stores.  Plaintiffs claim they were non-exempt employees who regularly worked more than 40 hours per week without receiving overtime pay from their respective dates of hire until November 26, 2006.[3]  Plaintiffs also claim that they were thereafter required to work "off the clock" until January 2007.  Abercrombie denies these claims.

On April 15, 2008, Abercrombie served each of the four Plaintiffs with an offer of judgment pursuant to Federal Rule of Civil Procedure 68 (hereinafter referred to as "Rule 68 Offer").  The Rule 68 Offer exceeded the maximum statutory relief available to Plaintiffs, plus attorneys' fees and costs.  Plaintiffs did not respond to the Offer, thereby allowing it to expire under the Rule.  Nonetheless, Abercrombie's offer of more than full relief eliminated Plaintiffs' personal stake in the FLSA claim.  Furthermore, in the six months since this case was filed, only one individual, Shane Miller, has filed a Notice of Consent to Sue.  However, on May 13, 2008,

---

[1] Abercrombie & Fitch Co. and Abercrombie & Fitch Trading Company are improper Defendants in this action as neither employed the Plaintiffs nor any of the individuals in the purported class.
[2] Only Plaintiffs Eudelle, Pagnotta and Pomales assert New York Labor Law claims.  Complaint at ¶ 25.  Plaintiffs also, as individuals, assert claims against Abercrombie pursuant to various federal, state and local anti-discrimination statutes.  Kenneth Fingerman, another named plaintiff, asserts discrimination claims only and does not assert any FLSA or "overtime" claims.

he accepted the Rule 68 Offer extended to him by Abercrombie in the amount of $2,400 plus
attorneys' fees and court costs and, thus, no longer has a pending FLSA claim.

      Pursuant to Federal Rule of Civil Procedure 12(b)(1), Plaintiffs' individual and collective
FLSA claims should be dismissed as moot in the absence of a live case or controversy.  Once the
Court dismisses Plaintiffs' FLSA claims, it should decline to exercise supplemental jurisdiction
over Plaintiffs' claims brought under New York State Labor Law.

## II.     STATEMENT OF FACTS

      The factual question is whether the Plaintiffs' allegedly unpaid overtime has been fully
compensated by the amount of the Rule 68 Offer of Judgment.  The facts demonstrate that the
Rule 68 Offer far exceeds compensation for any "overtime" these Plaintiffs may have worked
during the pertinent period.  Among the assumptions underlying the Rule 68 Offer, Abercrombie
assumed that each individual worked 45 hours every work week from their respective dates of
hire to November 30, 2006.  As the facts show, however, this assumption alone is unreasonably
high.  The Rule 68 Offer provides more than full relief and thus moots the FLSA claims.

      Plaintiffs were hired by Abercrombie to work as LPAs for certain of the Company's New
Jersey and New York retail stores.  <u>See</u> Declaration of Robert Ruiz at ¶¶ 3, 8,10, 13 and 14.[4]
From the beginning of their employment until November 26, 2006, Plaintiffs, as well as all other
LPAs in New Jersey and New York, were classified as "exempt" for purposes of the FLSA.  <u>Id.</u>
at ¶ 2; Declaration of Amy Dury at ¶ 2.[5]  LPAs were paid on a salary basis for all hours worked
rather than an hourly wage and, thus, generally did not record their hours of work because there
was no reason to do so.  Dury Dec. at ¶ 3.  However, effective November 26, 2006, Abercrombie

---

[4]   The Declaration of Robert Ruiz is attached to the Jones Affirmation as Exhibit A and is cited herein as "Ruiz Dec. at ¶ __."
[5]   The Declaration of Amy Dury is attached to the Jones Affirmation as Exhibit B and is cited herein as "Dury Dec. at ¶ __."

converted the LPA position from "exempt" to "non-exempt" (hereinafter referred to as "conversion") and began requiring LPAs to record all hours worked.[6] Id.

Although Abercrombie continued to pay LPAs an annual salary after the conversion, the Company began paying overtime for hours worked beyond 40 in any workweek. Dury Dec. at ¶ 2. This change has had little to no practical effect because LPAs rarely work overtime. Declarations of Andre Walker ¶ 8, Joseph Gandolfo ¶ 9, Felix Ramirez ¶ 11, Jamie Van Dusen ¶ 9, Michael Barrett ¶ 9, Juliette Hackett ¶ 13;[7] Ruiz Dec. at ¶¶ 3, 6. As attested to by Regional Loss Prevention Manager Rob Ruiz, the number of hours worked per week by LPAs generally, and by the four Plaintiffs in particular, were substantially the same in the periods both before and after November 26, 2006. Ruiz Dec. at ¶ 3. If anything, LPAs are presently working more overtime hours than they did before November 26, 2006, as a result of increasing demands of the job. Ruiz Dec. at ¶ 3. Thus, examining the documented hours recorded and worked by Plaintiffs after November 26, 2006, provides evidence of whether and to what extent they may have worked "overtime" when treated as salaried exempt employees before that date. Dury Dec. at ¶¶ 7, 8, 9, 10, 14, 16, 17, 18, 20, 21, and 22, Exhibits 2, 3, 4, 7, 9, 10, and 13.

Shoneca Davis did not work more than 40 hours in any week between the week ending December 2, 2006 through the week ending March 10, 2007. Dury Dec. at ¶¶ 8 and 9, Exhibits 2 and 3. Thereafter, for the ensuing 22 weeks through the end of her employment, she averaged 30.24 hours per week. Dury Dec. at ¶ 10, Exhibit 4. For only five weeks did she record more than 40 hours – ranging between 40.25 and 44.25 hours per week. Id.

---

[6] Leading up to the conversion, some LPAs at Abercrombie's Fifth Avenue store in Manhattan – including Plaintiffs Pomales and Eudelle – began recording their hours of work on payroll timesheets between July 30, 2006 through November 25, 2006. Dury Dec. at ¶ 3.
[7] The Declarations of Andre Walker, Joseph Gandolfo, Felix Ramirez, Jamie Van Dusen, Michael Barrett and Juliette Hackett are attached as Exhibit C and cited herein as "Walker Dec. at ¶ __," "Gandolfo Dec. at ¶ __," etc.

Dawud Eudelle averaged 36.01 hours per week for 61 weeks between November 26, 2006 to March 8, 2008. Dury Dec. at ¶ 14, Exhibit 7. For 33 of those weeks, he recorded between 0 and 39 hours per week. For the remaining 28 weeks, he recorded some amount of overtime, but for only 3 weeks did he work more than 45 hours. Id.

JacLyn Pagnotta averaged 32.68 hours per week for a 10-week period between January 4, 2007 and March 17, 2007. Dury Dec. at ¶ 18, Exhibit 10. She recorded a small amount of overtime in only two weeks during this period – 40.25 and 40.75 hours, respectively. Id.

David Pomales averaged 35.12 hours per week for 65 weeks he worked between November 26, 2006 to March 8, 2008. Dury Dec. at ¶ 22, Exhibit 13. For 41 weeks, he recorded between 0 and 40 hours per week. For the remaining 24 weeks, he recorded some amount of overtime, ranging between 40.25 and 43.50 during those weeks. Id.

In addition, for time periods before November 26, 2006, evidence of vacation days, sick leave and tardiness for these Plaintiffs further substantiates the Rule 68 Offer as much more than adequate for full relief. [8] "Calendar Attendance Logs" and "Attendance Incidents" are forms used by the LP management team to keep track of attendance, vacation, sick days, tardiness and other issues for LPAs. As shown by these documents:

- Shoneca Davis was absent or tardy on 14 days during eight separate weeks between her date of hire in August 2006 and October 16, 2006. Ruiz Dec. at ¶ 9, Exhibit 3.

- Dawud Eudelle was on vacation for four days in one week in October 2005. Ruiz Dec. at 11, Exhibit 4. During nine separate weeks between January 1, 2006 and June 16, 2006, he was either absent or tardy on 19 days. Ruiz Dec. at ¶¶ 12, Exhibit 5.

- David Pomales was either absent or tardy on 13 days during 8 separate weeks between January 1, 2006 and June 15, 2006. Ruiz Dec. at ¶ 15, Exhibit 6.

---

[8] It is well-established that paid or unpaid leave time is not hours worked under the FLSA 29 U.S.C. 207(e)(2); 29 C.F.R. 785.16(a) and 778.216.

For purposes of the Rule 68 Offer, none of this time was deducted. Thus, by assuming that these Plaintiffs worked 45 hours during each of these work weeks that they were, instead, absent or late, the Rule 68 Offer exceeds any amount of actual "overtime" they could claim to have worked.

Further, prior to November 26, 2006, LPAs were routinely scheduled to work 40 hour weeks. Ruiz Dec. at ¶ 6. They were not scheduled to work overtime.

The time and attendance records for these Plaintiffs, all as attached to the Ruiz and Dury Declarations, establish that Plaintiffs were paid for all hours worked, that they generally worked no more than 40 hours per week and that rarely, if ever, did any one of them work as much as 45 hours per week. See e.g., Ruiz Dec., Exhibits 1-6; see e.g. Dury Dec., Exhibits 1-13.

Since the conversion, LPAs have been instructed to accurately record all hours worked. Walker Dec. at ¶¶ 7-8, Gandolfo Dec. at ¶ 7, Ramirez Dec. at ¶¶ 8-9, Van Dusen Dec. at ¶¶ 8-9, Barrett Dec. at ¶¶ 8-9, and Hackett Dec. at ¶¶ 12-13. LPAs are not required to call in on their days off, nor are they "permitted, required or requested to work off the clock." Ruiz Dec. at ¶¶ 5, 8. Indeed, LPAs are paid for all hours worked. Id.; Walker Dec. at ¶¶ 7-8, Gandolfo Dec. at ¶ 7, Ramirez Dec. at ¶¶ 8-9, Van Dusen Dec. at ¶¶ 8-9, Barrett Dec. at ¶¶ 8-9

On February 25, 2008, Plaintiffs initiated this action.[9] On April 15, 2008, Abercrombie served Plaintiffs with a Rule 68 Offer. Affidavit of Allen S. Kinzer at ¶ 3, Exhibit 2[10]. This offer fully compensates Plaintiffs for all alleged unpaid overtime hours worked from their respective date of hire through November 30, 2006 – four days after the conversion. Kinzer Aff. at ¶ 4, Exhibit 3. Abercrombie's Rule 68 Offer assumed that each individual worked 45 hours per week every week from their respective dates of hire to November 30, 2006. Id. As noted

---

[9] Plaintiffs filed a First Amended Complaint on June 17, 2008 adding claims under Title VII.
[10] The Affidavit of Allen S. Kinzer is attached to the Jones Affirmation as Exhibit D and cited herein as "Kinzer Aff. at ¶ __."

above, although Plaintiffs took time off for vacation, called in sick or reported to work late during these work weeks, Abercrombie did not deduct these work weeks from its Offer and assumed throughout that the Plaintiffs averaged five hours of overtime each and every workweek.  Id.

After calculating each Plaintiff's alleged overtime pay[11] (which varied given their different rates of pay and periods of employment), Abercrombie rounded each figure up to the nearest $100.00.  Id.  Then, Abercrombie doubled the overtime pay to represent liquidated damages and added an extra $1,000 to each figure.  Id.  Finally, interest at the rate of 6% was included in the Offer.  Id.  A spreadsheet detailing this calculation method was sent to Plaintiffs' counsel on May 5, 2008 as a supplement to numerous pay records and time sheets that had been previously sent via overnight carrier on April 11, 2008.  Id.  Also, Abercrombie's Offer included "reasonable attorneys' fees and court costs actually incurred to date" attributed to the prosecution of each Plaintiff's claims.  Id.  Thus, Abercrombie served Plaintiffs with a Rule 68 Offer of greater than full relief for their alleged claims.

## III.    LEGAL ARGUMENT

### A.    Standard of Review.

Under Rule 12(b)(1), defendants may move the court to dismiss for "lack of jurisdiction over the subject matter."  Fed.R.Civ.P. 12(b)(1). When considering such a motion, federal courts "need not accept contested jurisdictional allegations and may resolve disputed jurisdictional facts by reference to matters outside the pleadings."  Briggs v. Arthur T. Mott Real Estate LLC, 2006

---

[11]  Because Plaintiffs were paid on a salary basis, Abercrombie calculated the overtime on a half-time basis which has been approved by the United States Supreme Court and the United States Department of Labor. See Overnight Motor Transp. Co. v. Misse, 316 U.S. 572 (1942); Sutton v. Legal Services Corp., 11 W.H. Cas. 2d (BNA) 401 n. 2 (D.C. Sup. 2006) ("Virtually every court that has considered the question has upheld the remedial use of half-time in failed exemption cases, including the Supreme Court …").  This is the manner by which LPAs are currently paid overtime.

WL 3314624, at *2 (E.D.N.Y. Nov. 14, 2006)[12] (citing Phifer v. City of New York, 289 F.3d 49, 55 (2nd Cir. 2002); Ward v. Bank of New York, 455 F.Supp.2d 262, 265 (S.D.N.Y. 2006).  As the party seeking to invoke subject matter jurisdiction, the plaintiff bears the burden of demonstrating by a preponderance of the evidence that plaintiff is properly before the court.  Id.; Scelsa v. City Univ. of New York, 76 F.3d 37, 40 (2nd Cir. 1996); Aurecchione v. Schoolman Transp. Sys., Inc., 426 F.3d 635, 638 (2nd Cir. 2005).

> B.    An FLSA collective action is properly dismissed for lack of subject matter jurisdiction where plaintiffs have been offered full relief for their claims pursuant to Fed.R.Civ.P. 68.

"A case is properly dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) when the court lacks the statutory or constitutional power to adjudicate the case."  Nowak v. Ironworkers Local 6 Pension Fund, 81 F.3d 1182, 1187 (2nd Cir. 1996).  "A case is moot and, accordingly the federal courts have no jurisdiction over the litigation, when the parties lack a legally cognizable interest in the outcome….The required legally cognizable interest has alternatively been described as a requirement that the plaintiff have a personal stake in the litigation."  Fox v. Bd. of Trs. Of the State Univ. of New York, 42 F.3d 135, 140 (2nd Cir. 1994) (internal quotations and citations omitted) "Without such a personal stake, a court lacks subject matter jurisdiction and the case must be dismissed."  Id.

"When a Defendant offers all that a plaintiff could hope to recover through litigation, there is no justification for taking the time of the court and defendant in pursuit of a miniscule claim which defendant has…satisfied."  Briggs, 2006 WL 3314624, at *2 (citing Abrams v. Interco, Inc., 719 F.2d 23, 32 (2nd Cir. 1983)); Cook v. Colgate Univ., 992 F.2d 17, 19 (2nd Cir. 1993) (holding that a case becomes moot "when it becomes impossible for the courts, through

---

[12]  Copy attached to the Jones Affirmation as Exhibit E.

the exercise of their remedial powers, to do anything to redress the injury") (citing <u>Alexander v.</u> <u>Yale</u>, 631 F.2d 178, 183 (2nd Cir. 1980).

Several New York federal courts have applied the mootness doctrine to dismiss FLSA collective actions where a Rule 68 offer of full relief has been served on Plaintiffs. <u>Ward</u>, 455 F.Supp.2d 262 (S.D.N.Y. 2006); <u>Briggs</u>, 2006 WL 3314624, at *4; <u>Darboe v. Goodwill</u> <u>Industries of Greater NY & Northern NJ, Inc</u>., 485 F.Supp.2d 221 (E.D.N.Y. 2007); <u>Louisdor v.</u> <u>American Telecommunication, Inc</u>., 540 F.Supp.2d 368 (E.D.N.Y. 2008).

Fed.R.Civ.P. 68 provides:

> (a) Making an Offer; Judgment on an Accepted Offer. More than 10 days before the trial begins, a party defending against a claim may serve on an opposing party an offer to allow judgment on specified terms, with the costs then accrued. If, within 10 days after being served, the opposing party serves written notice accepting the offer, either party may then file the offer and notice of acceptance, plus proof of service. The clerk must then enter judgment.

> (b) Unaccepted Offer. An unaccepted offer is considered withdrawn, but it does not preclude a later offer. Evidence of an unaccepted offer is not admissible except in a proceeding to determine costs.

"The primary purpose of Fed.R.Civ.P. 68 is to promote settlements and avoid protracted litigation." <u>Vogel v. American Kiosk Management</u>, 371 F.Supp.2d 122, 126 (D.Conn. 2005); <u>Marek v. Chesny</u>, 473 U.S. 1, 5 (1985). The offer of judgment rule "prompts both parties to a suit to evaluate the risks and costs of litigation, and to balance them against the likelihood of success upon trial on the merits." <u>Id</u>. Furthermore, nothing prevents a defendant from attempting to facilitate settlement by making a <u>pre-certification</u> Rule 68 offer of judgment in a collective action. <u>Ambalu v. Rosenblatt</u>, 191 F.R.D. 451, 451 (S.D.N.Y. 2000) (emphasis

added); <u>Taylor v. CompUSA, Inc.</u>, 2004 WL 1660937, *2 (N.D.Ga. July 14, 2004)[13] (dismissing

plaintiffs' FLSA claim on the basis of Defendant's Rule 68 Offer despite the fact that a motion

for conditional certification was pending before the court).

      Unlike class actions filed under Fed.R.Civ.P.23, FLSA collective actions require each

plaintiff to affirmatively opt into the action by submitting filed, written consent.  29 U.S.C.

§ 216(b).  Without such consent, no person will be bound by or may benefit from the judgment.

<u>Ward</u>, 455 F.Supp.2d at 267. "Consequently, even if the section 216(b) plaintiff can demonstrate

that there are other plaintiffs 'similarly situated' to him, he has no right to represent them absent

their consent by an opt-in." <u>Id.</u> (citing <u>Vogel</u>, 371 F.Supp.2d at 128); <u>Cameron-Grant v. Maxim

Healthcare Servs.</u>, Inc., 374 F.3d 1240, 1249 (11th Cir. 2003).  Indeed, no collective action is

formed, or exists, unless and until others have properly opted in to the action.  <u>Cameron-Grant,

374 F.3d</u> at 1249.  Thus, an FLSA collective action is properly dismissed where Plaintiffs have

been served with a Rule 68 Offer, including reasonable attorneys' fees and costs, that far exceeds

what they could recover at trial.  <u>Ward</u>, 455 F.Supp.2d at 269.

      C.    <u>Because Plaintiffs have been offered full relief, their FLSA claims are moot and
must be dismissed</u>.

      Several New York courts have dismissed FLSA collective actions following Defendants'

offer – and Plaintiffs' rejection – of a Rule 68 Offer of full relief.  <u>Briggs</u>, 2006 WL 3314624, at

*4;  <u>Ward</u>, 2006 WL 2925650, at *7; <u>Darboe</u>, 485 F.Supp.2d at; <u>Louisdor</u>, 540 F. Supp.2d 368,

(E.D.N.Y 2008).  Several other courts have reached the same conclusion.  <u>See Vogel</u>, 371

F.Supp.2d at 128; <u>Taylor</u>, 2004 WL 1660937at *;  <u>Mackenzie v. Kindred Hospitals East, L.L.C.</u>,

276 F.Supp.2d 1211,  (M.D.Fla. 2003).  Thus, a collective action brought pursuant to the FLSA

---

[13]  Copy attached to the Jones Affirmation as Exhibit F.

is properly dismissed where a Rule 68 Offer of full relief has been extended to all named and opt-in plaintiffs.

In each of the above cases, the plaintiff or plaintiffs sought to represent themselves and a class of similarly situated employees under the FLSA. In each of these cases, a Rule 68 Offer was extended to the named plaintiff or plaintiffs (and, to the extent they existed, any opt-in plaintiffs). In each of these cases, the offer was rejected but Defendants successfully dismissed the Plaintiffs' claim because the Rule 68 Offer provided full relief. The facts here are precisely the same and, thus, the same result should obtain – Abercrombie's motion should be granted.

Furthermore, in the Briggs, Ward, Darboe and Louisdor cases, Plaintiffs' claims were dismissed before notice had been sent to the class. In the Taylor, and Mackenzie cases, the courts dismissed Plaintiffs' claims even though a motion for conditional certification was pending. In granting defendants' motion, the Taylor court stated, "The fact that Plaintiffs have filed a motion for conditional certification does not bar consideration of the motion to dismiss." Taylor, 2004 WL 1660937, at *2. Furthermore, the court easily rejected plaintiffs' argument that dismissal of the case allowed for misuse of Rule 68 because defendants' offer of full relief had been (or would be) extended to everyone who had joined the case. Id. Indeed, the court held that dismissal of the FLSA claim would not impact "the rights of similarly situated individuals who have not filed notices of consent." Id. at *2.

Indeed, all Plaintiffs in this case have been extended an Offer of Judgment under the calculation formula described above. Kinzer Aff. at ¶¶ 3-5, Exhibits 2-3. The Offer provides full relief to all Plaintiffs, including interest and liquidated damages, in an amount that is more than double their alleged damages. Id. Defendants have also offered to pay attorneys' fees and court costs. Id. This case is in the same procedural posture as Taylor and Mackenzie and, as

stated by all of the above courts, any individuals who are not a party to this action are not precluded from bringing a separate cause of action at a later date.  However, in the six months that this case has been pending, only one individual opted into this case, and he accepted the Offer of Judgment presented to him three months ago.  Kinzer Aff. at ¶¶ 5-7, Exhibits 4-6.

Moreover, the cases cited by Plaintiff for the proposition that a Rule 68 Offer of Judgment does not moot an FLSA collective action are easily distinguishable from the undisputed facts of this case.  Reyes v. Carnival Corp., 2005 WL 4891058, at *3 (S.D.Fla. 2005)[14] and Reed v. TJX Companies, Inc., 2004 WL 2415055, at *2 (N.D.Ill. 2004)[15].  In both Reyes and Reed the courts denied defendants' motions to dismiss because Rule 68 offers had not been served on other individuals who had opted into the lawsuit.  Furthermore, the "concerns" expressed by the Reed court in 2004 regarding offers of judgment were carefully considered and dismissed by four New York courts.  Ward, 455 F.Supp.2d at 265, 269-72; Darboe, 485 F.Supp.2d at 223-24; Louisdor, 540 F.Supp.2d at 374; and Briggs, 2006 WL 331462, at *3

Finally, unlike the plaintiffs in Reyes and Reed, every Plaintiff in this case has been offered full relief for their claims.  Kinzer Aff. at ¶¶ 3-5, Exhibits 2-4.  Indeed, Abercrombie estimated that each Plaintiff worked five overtime hours per week every week from their respective dates of hire until four days after the conversion of LPAs to non-exempt status. Plaintiffs' post-conversion time sheets and punch summaries show that overtime was rare and that this estimated amount of overtime offers more than adequate relief for their FLSA claims. Kinzer Aff. at ¶ 4, Exhibit 3.  Additionally, the Plaintiffs' use of vacation, sick and personal days during their employment belies any claim that they averaged more than 45 hours a week.  Ruiz Dec. at ¶¶ 9, 11, 12, 15, Exhibits 3, 4, 5, 6.  For example, Plaintiff Davis was either absent or

---

[14]  Copy attached to the Jones Affirmation as Exhibit G.
[15]  Copy attached to the Jones Affirmation as Exhibit H.

tardy on 14 days during 8 separate weeks during August, September and October of 2006. Ruiz Dec. at ¶ 9, Exhibit 3.  Indeed, several LPAs affirm that overtime work is rare.  Walker Dec. at ¶¶ 7-8, Gandolfo Dec. at ¶ 7, Ramirez Dec. at ¶¶ 8-9, Van Dusen Dec. at ¶¶ 8-9, Barrett Dec. at ¶¶ 8-9, and Hackett Dec. at ¶¶ 12-13.  Thus, the basis for that court's denial of defendant's Motion to Dismiss in <u>Reyes</u> cannot be extended to this case.

        D.      <u>Once this Court dismisses Plaintiffs' FLSA claims, it should decline to exercise supplemental jurisdiction over their New York State Labor Law claims.</u>

       Plaintiffs also allege that they are owed unpaid wages pursuant to New York Labor Law. However, the Court's jurisdiction over these state law claims is merely supplemental to Plaintiffs' FLSA claims.  "Where the Court has original jurisdiction over an action, it may exercise jurisdiction over claims that derive from a 'common nucleus of operative facts' such that a plaintiff 'would ordinarily be expected to try them all in one judicial proceeding.'"  <u>Siegel v. Consolidated Edison, Inc</u>., 318 F. Supp.2d 176, 179 (S.D.N.Y. 2004); <u>Cushing v. Moore</u>, 970 F.2d 1103, 1006 (2nd Cir. 1992) (holding that supplemental jurisdiction could be exercised only if some other related claims provide a proper basis for federal jurisdiction").  Because Plaintiffs' FLSA claims have been rendered moot by Abercrombie's Rule 68 Offer of Judgment, the New York Labor Law claims are no longer properly before this Court.

       In <u>Ward</u>, <u>Darboe</u>, <u>Briggs</u>, and <u>Louisdor</u>, the courts declined to exercise supplemental jurisdiction over plaintiffs' New York Labor Law claims after dismissing Plaintiffs' FLSA claims.  <u>Ward</u>, 455 F.Supp.2d at 267 (declining to exercise supplemental jurisdiction over Plaintiff's state law claims).; <u>Darboe</u>, 485 F.Supp.2d at 223 (having dismissed plaintiff's federal claims, the court declined to exercise supplemental jurisdiction over the state law claims).; <u>Briggs</u>, 2006 WL 3314624, at *2 (exercising its discretion to decline supplemental jurisdiction

over plaintiff's state law claims). and Louisdor, 540 F.Supp.2d at 373 (declining to exercise supplemental jurisdiction over plaintiff's state law claims).

Although Plaintiffs also brought federal discrimination claims against Abercrombie, those claims involve facts completely unrelated to the payment of Plaintiffs' wages. Indeed, they do not derive from a common nucleus of operative facts to provide a basis for supplemental jurisdiction. Siegel, 318 F. Supp.2d at 179.

Furthermore, plaintiffs will not be prejudiced by the Court's decision declining to exercise supplemental jurisdiction. Under 28 U.S.C. § 1367(d), "[t]he period of limitations for any claim [for which supplemental jurisdiction is invoked] . . . shall be tolled while the claim is pending and for a period of 30 days after it is dismissed unless state law provides for a longer tolling period." Jeffers v. Doe, 2005 WL 2240686, at *7 (N.D.N.Y. Aug. 17, 2005)[16]; Henkin v. Forest Laboratories, Inc., 2003 WL 749236, at *10 (S.D.N.Y. Mar. 5, 2003)[17] (granting summary judgment on plaintiff's claims and declining to exercise supplemental jurisdiction in part because "plaintiff will not be barred from bringing her claim before the state court, since her claim is tolled under New York Civil Practice Law § 205(a)"); LaBella v. New York City Admin. for Children's Services, 2005 WL 2077192, at *26 (E.D.N.Y. Mar. 28, 2005)[18] (dismissing state law claims without prejudice following grant of summary judgment on federal claims in part because CPLR § 205(a) will temporarily toll the statute of limitations in state court for recommencement purposes).

Accordingly, for the foregoing reasons, this Court should decline to exercise supplemental jurisdiction over Plaintiffs' New York Labor Law claims, particularly at this early stage of the case.

---

[16]  Copy attached to the Jones Affirmation as Exhibit I.
[17]  Copy attached to the Jones Affirmation as Exhibit J.
[18]  Copy attached to the Jones Affirmation as Exhibit K.

## IV.     CONCLUSION

For the reasons set forth above, Abercrombie respectfully requests that this Court enter an

Order dismissing Plaintiffs' mooted FLSA claims pursuant to Rule 12(b)(1) and declining to

exercise supplemental jurisdiction over Plaintiffs' New York Labor Law claims.

VORYS, SATER, SEYMOUR AND PEASE LLP
Attorneys for Defendants

/s/Sandra J. Anderson
By: Sandra J. Anderson  (0002044)
Allen S. Kinzer  (0040237)
Stacia M. Jones  (0072401)
52 East Gay Street, P.O. Box 1008
Columbus, Ohio 43216-1006
Telephone:  (614) 464-6405

BOND, SCHOENECK & KING, PLLC
Attorneys for Defendants
John S. Ho (JH 7831)
330 Madison Avenue, 39th Floor
New York, NY  10017-5001
Telephone:  (646) 253-2320
Email:  jho@bsk.com

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing was electronically filed through the Court's ECF system and served this 11th day of August, 2008 by operation of the Court's electronic filing system.  Parties may access this filing through the Court's system.


/s/Sandra J. Anderson_____
Sandra J. Anderson  (0002044)
52 East Gay Street, P.O. Box 1008
Columbus, Ohio 43216-1006
Telephone:  (614) 464-6405

-15-