UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
SHONECA DAVIS, DAWUD EUDELLE, JACLYN
PAGNOTTA, and DAVID POMALES, individually and on
behalf of all others similarly situated, and

KENNETH FINGERMAN,

                              Plaintiffs,

              - against -

ABERCROMBIE & FITCH CO., ABERCROMBIE &
FITCH STORES, INC., ABERCROMBIE & FITCH
TRADING CO., d/b/a Abercrombie and Fitch, Abercrombie,
and Hollister and Ruehl,

                         Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

08 Civ. 01859 (PKC)

ECF CASE

SUPPLEMENTAL
DECLARATION OF
DEBRA L. RASKIN

DEBRA L. RASKIN, under penalty of perjury pursuant to 28 U.S.C. § 1746,
declares:

        1.     I am a member of the firm Vladeck, Waldman, Elias & Engelhard, P.C.,
attorneys for plaintiffs Shoneca Davis ("Davis"), Dawud Eudelle ("Eudelle"), JacLyn Panotta
("Pagnotta"), and David Pomales ("Pomales") (collectively "class plaintiffs"), individually and
on behalf of all others similarly situated; and plaintiff Kenneth Fingerman ("Fingerman").  I
submit this declaration in further support of Class Plaintiffs' Motion for Preliminary Certification
Pursuant to the Fair Labor Standards Act, for Court-Facilitated Notice to Similarly Situated
Persons, and for Expedited Discovery, and in opposition to the Motion for Partial Dismissal of
Plaintiffs' Complaint Pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure,
submitted by defendants Abercrombie & Fitch Co.; Abercrombie & Fitch Stores, Inc.; and
Abercrombie & Fitch Trading Co., d/b/a Abercrombie and Fitch, Abercrombie, and Hollister and
Ruehl (collectively "Abercrombie" or "defendants").

2.      Attached as Exhibit 1 are copies of defendants' documents Bates Nos. ANF146-51.  These documents were provided by Allen S. Kinzer, Esq. in response to my request for relevant portions of defendants' employee manual in effect at the time class plaintiffs acknowledged receipt of the manual.

3.      Attached as Exhibit 2 is a copy of the Amended Complaint in <u>Green v. Abercrombie & Fitch Co.</u>, No. 06-CV-12879 (S.D.N.Y. Jan. 22, 2007).

4.      Attached as Exhibit 3 is a copy of the Complaint in <u>Lucas v. Abercrombie & Fitch, Co.</u>, No. No. 07-civ-556 (S.D.N.Y. Jan. 24, 2007).

5.      Attached as Exhibit 4 is a copy of the Order of Dismissal in <u>Green</u> and <u>Lucas</u>, filed March 27, 2007.

6.      Attached as Exhibit 5 is a copy of the Stipulation and Proposed Order concerning scheduling in this case, approved by the Court on May 3, 2008.

I declare under penalty of perjury that the foregoing is true and correct.  Executed on September 2, 2008 in New York, New York.

_____
DEBRA L. RASKIN

# EXHIBIT 1

# GENERAL INFORMATION

These benefits and policies apply to associates of Abercrombie & Fitch. Eligibility for some benefits is based on your associate status and length of service. The following are brief explanations that will help you understand the benefits you are eligible to receive.

**ALL-ASSOCIATES**

## FULL-TIME/PART-TIME DEFINITIONS

| | DESCRIPTION | WHO IT APPLIES TO |
|---|---|---|
| Full-Time | Associates who are regularly scheduled to work 32 hours or more per workweek*. | Can be associates in any position. |
| Part-Time | Associates who are regularly scheduled to work less than 32 hours per workweek*. Part-time associates will experience fluctuations in scheduling based on business conditions and availability.<br><br>For purposes of determining "regularly scheduled" a consecutive 90-day period with the likelihood of continued similar scheduling will be used. | Typically applies to Brand Reps, Impact Team, and Overnight positions. |

## REGULAR/SEASONAL DEFINITIONS

| | DESCRIPTION | WHO IT APPLIES TO |
|---|---|---|
| Regular | Associates that have been hired to work on an ongoing basis for an indefinite time frame. | Can be associates in any position. |
| Seasonal | Associates that have been hired to work on a temporary basis or for a specific time frame. | Typically Overnight and Brand Representative positions. |

## OVERTIME EXEMPTION DEFINITIONS

| | DESCRIPTION | WHO IT APPLIES TO |
|---|---|---|
| Non-Exempt | Associates who are eligible to receive overtime pay for hours worked over 40 per workweek*. | Associates in this group include Brand Representatives, Impact Team Members and Lead and Intern associates working in all states. |
| Supplemental Pay | Associates who are eligible to receive ½ their regular hourly rate for each hour worked over 40 per workweek*. See Supplemental Pay on Page 39 for more information. | This group includes Impact Team Managers, Managers-in-Training, Trainees and Assistant Managers. |
| Exempt | Associates who are paid on a salaried basis and are not eligible for overtime pay. | Store Managers, Associate Managers and above are exempt. |

* - A workweek is defined as hours worked from Sunday through Saturday

## LENGTH OF SERVICE

Your length of service is the amount of time you have been employed. This is determined according to the date you begin employment. In the event you were employed, terminated, and then rehired, your most recent date of employment will be used to determine benefits and eligibility for all benefits except the Savings and Retirement Plan. Your original date of employment is used to determine eligibility for that plan.

5

Revised 7/04

ANF000146

ALL-ASSOCIATES

For Proof of Employment *plus* Income
1) Visit www.theworknumber.com/employee or call 1-800-367-2884
2) Enter the following Information:
   Employer Code: **10902**
   Your Social Security Number
   Your PIN (*Birth Month, Birth Day, and last four digits of your social security number* → MM-DD-####)
3) Select to obtain a Salary Key – Write down the salary key given to you
4) Give the person needing proof of your employment and income (the verifier) the following information:
   Your Social Security Number:
   Employer Code: 10902
   Your Salary Key (from #3 above)
   The Work Number Access Options:
   • www.theworknumber.com/verifier
   • 800-367-5690
   • 900-555-9675

## PAY, HOURS, AND ATTENDANCE

### Your Paycheck

You will receive a paycheck on a bi-weekly basis. Your manager will tell you what your rate of pay will be. Each pay period begins on a Sunday and ends on a Saturday. Any questions about your paycheck should first be discussed with your Store Manager if appropriate. If the pay issue is not satisfactorily resolved, you may discuss the problem with your District Manager, the Store Communications Department or Human Resources. You are encouraged to keep records of hours worked in case you have a discrepancy in your paycheck. See the Company directory for contact information.

### Privacy of Confidential Records

We are committed to protect your privacy and will not share your personnel records or compensation information to anyone except authorized managers and government agencies. As part of our efforts to safeguard employment related information, you are asked not to disclose your private information with anyone except authorized managers. Your salary information is considered confidential. Unauthorized access or disclosure of confidential records (personnel file contents, pay check, etc.) may result in disciplinary action up to and including termination.

### Overtime

Abercrombie & Fitch pays overtime to non-exempt associates in a manner consistent with federal and state laws. More information about overtime pay is provided in the Overtime Exemption Definitions table in the General Information section of this handbook. If you have questions about overtime pay, contact your manager.

### Record of Hours Worked

Non-exempt and Supplemental Pay (see Overtime Exemption Definitions table in the General Information section for a definition of "Supplemental Pay") associates are required to punch in and out for all hours worked. This is the official record of hours worked and serves as the basis of calculating pay. You must punch in at the beginning of your shift, punch out at the end of your shift and in and out for breaks as described in section "Break & Meal Periods." All hours worked must be accounted for. Punching another associates' time or letting another associate punch your time is a violation of Company policy. If you should punch in or out at the wrong time (too early, too late, etc.) you may get an error message. If this happens, notify your manager immediately so your actual hours worked can be punched in/out properly and your paycheck will accurately reflect all actual hours worked. Any falsification or attempt to misrepresent hours worked is a violation of Company policy and will result in termination. Repeated failure to properly punch in and out for hours worked is considered a performance issue and may result in disciplinary action up to and including termination.

13

Revised 7/04

ANF000147

# MANAGEMENT RESPONSIBILITIES AND INFORMATION

## ASSISTANT MANAGER, MANAGER-IN-TRAINING AND TRAINEE PAY AND SUPPLEMENTAL HOURS

Assistant Managers, Managers-in-Training, and Trainees receive a weekly base salary for all hours worked each week. This base salary will be paid for all hours worked in the week, regardless of the number of hours worked. For administrative purposes only, this base salary is computed and reflected on paychecks at an hourly rate. In addition to the base salary, Managers-in-Training, Trainees and Assistant Managers working in states other than California are eligible for hourly *Supplemental Pay* for hours "worked" in excess of 40 each week. Hours "worked" includes actual hours worked, such as regular work time, meetings in or out of the store, inventory, management training, and new store openings.

Since the associate's base salary already includes compensation for all hours worked, an associate who works more than forty hours is entitled to an additional ½ time supplement for all hours worked over 40 in the workweek. The examples below show how this is calculated:

**Example 1:**
Base Salary $480
Hours Worked 45

$480 divided by 40 = $12.00 regular hourly rate
$12.00 divided by 2 = $6.00 supplemental rate
$6.00 supplemental rate x 5 overtime hours worked = $30.00 supplemental pay
$480 base salary + $30.00 supplemental pay = $510 total pay

**Example 2:**
Base Salary $480
Hours Worked 50

$480 ÷ 40 = $12.00
$12.00 ÷ 2 = $6.00
$6.00 x 10 hours = $60.00 supplemental
$480 + $60.00 = $540 total pay

All benefit hours must be paid on 8 straight time hours. Benefit hours, excluding sick pay, will not count as hours worked or accumulate towards the calculation of supplemental pay. Hours worked on a holiday must be paid based on 8 straight hours (this is in addition to the 8 hours of holiday pay). Only hours worked and sick pay hours are to be accumulated towards the calculation of supplemental pay. Benefit hours include emergency absence, vacation, holiday, personal day, and jury duty.

## 40-HOUR MINIMUM WORKWEEK REQUIREMENT FOR MANAGERS

All managers (MIT, Trainee, AM, ASM, GM, SM) must have a minimum of 40 hours per week. The workweek is defined as hours worked from Sunday through Saturday. These hours include hours worked and hours coded as benefit time, such as vacation or personal days. When you take time off, benefit time must be used. If you are not eligible for benefit time or you have already used your benefit time, then you will need to work 40 hours. It is your responsibility to make sure that your benefit time is properly coded prior to final payroll processing. Manager associates with less than 40 hours reported per week will be subject to disciplinary action up to and including termination of employment. *Associates must have their District Manager approval before taking vacation time or personal days.*

## NON-FRATERNIZATION POLICY

**Relationships at Work**
We recognize that the enthusiasm and commitment we all share for our jobs and for the Abercrombie & Fitch brand will naturally promote unusually strong bonds between individuals, and that these bonds can occasionally develop into romantic relationships. At Abercrombie & Fitch, we believe that it is more appropriate to encourage all associates to

38

Revised 7/04

ANF000148

# GENERAL INFORMATION

These benefits and policies apply to associates of Abercrombie & Fitch. Eligibility for some benefits is based on your associate status and length of service. The following are brief explanations that will help you understand the benefits you are eligible to receive.

## FULL-TIME/PART-TIME DEFINITIONS

|  | DESCRIPTION | WHO IT APPLIES TO |
|---|---|---|
| Full-Time | Associates who are regularly scheduled to work 32 hours or more per workweek*. | Can be associates in any position. |
| Part-Time | Associates who are regularly scheduled to work less than 32 hours per workweek*. Part-time associates will experience fluctuations in scheduling based on business conditions and availability.<br><br>For purposes of determining "regularly scheduled" a consecutive 90-day period with the likelihood of continued similar scheduling will be used. | Typically applies to Brand Reps, Impact Team, and Overnight positions. |

## REGULAR/SEASONAL DEFINITIONS

|  | DESCRIPTION | WHO IT APPLIES TO |
|---|---|---|
| Regular | Associates that have been hired to work on an ongoing basis for an indefinite time frame. | Can be associates in any position. |
| Seasonal | Associates that have been hired to work on a temporary basis or for a specific time frame. | Includes all part-time associates hired between 11/15 and 12/31 and to part-time associates hired for Back-to-School. |

## OVERTIME EXEMPTION DEFINITIONS

|  | DESCRIPTION | WHO IT APPLIES TO |
|---|---|---|
| Non-Exempt | Associates who are eligible to receive overtime pay for hours worked over 40 per workweek*. | Associates in this group include Brand Representatives, Impact Team Members and Lead and Intern associates working in all states. |
| Supplemental Pay | Associates who are eligible to receive ½ their regular hourly rate for each hour worked over 40 per workweek*. See Supplemental Pay on Page 39 for more information. | This group includes Impact Team Managers, Managers-in-Training, Trainees and Assistant Managers. |
| Exempt | Associates who are paid on a salaried basis and are not eligible for overtime pay. | Store Managers, Associate Managers and above are exempt. |

\* - A workweek is defined as hours worked from Sunday through Saturday

## LENGTH OF SERVICE

Your length of service is the amount of time you have been employed. This is determined according to the date you begin employment. In the event you were employed, terminated, and then rehired, your most recent date of employment will be used to determine benefits and eligibility for all benefits except the Savings and Retirement Plan. Your original date of employment is used to determine eligibility for that plan.

6

Revised 9/05

ANF000149

<u>For Proof of Employment</u>
Give the person needing your proof of employment (the verifier) the following information:
The Work Number Access Options:
1) www.theworknumber.com/verifier
2) 800-367-5690
3) 900-555-9675
Employer Code: **10902**
Your Social Security Number

<u>For Proof of Employment *plus* Income</u>
1) Visit www.theworknumber.com/employee or call 1-800-367-2884
2) Enter the following information:
    Employer Code: **10902**
    Your Social Security Number
    Your PIN (*Birth Month, Birth Day, and last four digits of your social security number* → *MM-DD-####*)
3) Select to obtain a Salary Key – Write down the salary key given to you
4) Give the person needing proof of your employment and income (the verifier) the following information:
    Your Social Security Number:
    Employer Code: **10902**
    Your Salary Key (from #3 above)
    The Work Number Access Options:
       • www.theworknumber.com/verifier
       • 800-367-5690
       • 900-555-9675


## PAY, HOURS, AND ATTENDANCE

### Your Paycheck
You will receive a paycheck on a bi-weekly basis. Your manager will tell you what your rate of pay will be. Each pay period begins on a Sunday and ends on a Saturday. Any questions about your paycheck should first be discussed with your Store Manager if appropriate. If the pay issue is not satisfactorily resolved, you may discuss the problem with your District Manager, the Store Communications Department or Human Resources. You are encouraged to keep records of hours worked in case you have a discrepancy in your paycheck. See the Company directory for contact information.

### Privacy of Confidential Records
We are committed to protect your privacy and will not share your personnel records or compensation information to anyone except authorized managers and government agencies. As part of our efforts to safeguard employment related information, you are asked not to disclose your private information with anyone except authorized managers. Your salary information is considered confidential. Unauthorized access or disclosure of confidential records (personnel file contents, pay check, etc.) may result in disciplinary action up to and including termination.

### Overtime
Abercrombie & Fitch pays overtime to non-exempt associates in a manner consistent with federal and state laws. More information about overtime pay is provided in the Overtime Exemption Definitions table in the General Information section of this handbook. If you have questions about overtime pay, contact your manager.

### Record of Hours Worked
Non-exempt associates are required to punch in and out for all hours worked. This is the official record of hours worked and serves as the basis of calculating pay. You must punch in at the beginning of your shift, punch out at the end of your shift and in and out for breaks as described in the section "Break & Meal Periods." All hours worked must be accounted for. Punching another associates' time or letting another associate punch your time is a violation of Company policy. If you should punch in or out at the wrong time (too early, too late, etc.) you may get an error message. If this happens, notify your manager immediately so your actual hours worked can be punched in/out properly and your paycheck will accurately reflect all actual hours worked.

14

Revised 9/05

ANF000150

# MANAGEMENT RESPONSIBILITIES AND INFORMATION

## ASSISTANT MANAGER, MANAGER-IN-TRAINING AND TRAINEE PAY AND SUPPLEMENTAL HOURS

Assistant Managers, Managers-in-Training, Impact Team Managers and Trainees receive a weekly base salary for all hours worked each week. This base salary will be paid for all hours worked in the week, regardless of the number of hours worked. For administrative purposes only, this base salary is computed and reflected on paychecks at an hourly rate. In addition to the base salary, Managers-in-Training, Trainees, Impact Team Managers and Assistant Managers working in states other than California and Alaska are eligible for hourly *Supplemental Pay* for hours "worked" in excess of 40 each week. Hours "worked" includes actual hours worked, such as regular work time, meetings in or out of the store, inventory, management training, and new store openings.

Since the associate's base salary already includes compensation for all hours worked, an associate who works more than forty hours is entitled to an additional ½ time supplement for all hours worked over 40 in the workweek. This method is specifically permitted by the United States Department of Labor. The examples below show how this is calculated:

**Example 1:**
Base Salary $480
Hours Worked 45

$480 divided by 40 = $12.00 regular hourly rate
$12.00 divided by 2 = $6.00 supplemental rate
$6.00 supplemental rate x 5 overtime hours worked = $30.00 supplemental pay
$480 base salary + $30.00 supplemental pay = $510 total pay

**Example 2:**
Base Salary $480
Hours Worked 50

$480 ÷ 40 = $12.00
$12.00 ÷ 2 = $6.00
$6.00 x 10 hours = $60.00 supplemental
$480 + $60.00 = $540 total pay

All benefit hours must be paid on 8 straight time hours. Benefit hours, excluding sick pay, will not count as hours worked or accumulated towards the calculation of supplemental pay. Hours worked on a holiday must be paid based on 8 straight hours (this is in addition to the 8 hours of holiday pay). Only hours worked and sick pay hours are to be accumulated towards the calculation of supplemental pay. Benefit hours include emergency absence, vacation, holiday, personal day, and jury duty.

## DEDUCTIONS FROM SALARY

It is our policy to comply with the salary basis requirements of the Fair Labor Standards Act ("FLSA") and state wage laws. Therefore, we prohibit all company managers from making any improper deductions from the salaries of exempt associates. We want associates to be aware of this policy and that the Company does not allow deductions that violate the FLSA or state law. If you believe than an improper deduction has been made to your salary, you should immediately report this information to your direct supervisor, or to human resources at 866-231-3028.

Reports of improper deductions will be promptly investigated. If it is determined that an improper deduction has occurred, you will be promptly reimbursed for any improper deduction made. If you have any questions about what constitutes an improper deduction, please contact human resources at 866-231-3028.

## 40-HOUR MINIMUM WORKWEEK REQUIREMENT FOR MANAGERS

All managers (MIT, Trainee, AM, ASM, GM, SM) must have a minimum of 40 hours per week. The workweek is defined as hours worked from Sunday through Saturday. These hours include hours worked and hours coded as benefit time, such as vacation or personal days. When you take time off, benefit time must be used. If you are not eligible for benefit time or you have already used your benefit time, then you will need to work 40 hours. It is your responsibility to make sure that your benefit time is properly coded prior to final payroll processing. Manager associates with less than 40 hours reported per week will be subject to disciplinary action up to and including termination of employment. *Associates must have their District Manager approval before taking vacation time or personal days.*

41

Revised 9/05

ANF000151

# EXHIBIT 2

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

GREEN, MITCHELL )
GONZALEZ, JAMES S. )
LUCAS, STEVEN )
PHENARD, GERMAINE )
SANCHEZ, FREDERICO )
SEWELL, GRACE )
)
Individually, and on behalf of all others )
Similarly situated as Class Representatives, )
)
    PLAINTIFFS, )
)
v. )
)
ABERCROMBIE & FITCH, CO. )
ABERCROMBIE & FITCH STORES, INC. )
ABERCROMBIE & FITCH TRADING, CO. )
    d/b/a Abercrombie & Fitch, )
    abercrombie, Hollister and Ruehl )
)
    DEFENDANTS. )
)

Civil Action No. 1:06-cv-12879
Jury Trial Requested

## FIRST AMENDED COMPLAINT

### INTRODUCTION

1.    Plaintiffs Mitchell Green, James S. Gonzalez, Germaine Phenard, Frederico Sanchez, Grace Sewell and Steven Lucas are present and former loss prevention agents employed by Defendants. Plaintiffs regularly worked for Defendants over forty (40) hours per week without receiving overtime compensation for such hours worked. Plaintiffs, individually, on behalf of all others similarly situated, and as class representatives, by and through their attorneys, Woodley & McGillivary, complain of Defendants Abercrombie & Fitch, Co., Abercrombie & Fitch Stores, Inc., and Abercrombie & Fitch Trading, Co., d/b/a Abercrombie & Fitch, abercrombie, Hollister

and Ruehl (hereinafter referred to as "Defendants") as follows:

## NATURE OF THE ACTION

2.      Plaintiffs allege on behalf of themselves, and other similarly situated current and former loss prevention agents who worked for the Defendants and who elect to opt into this action pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216 (b), that they are (i) entitled to unpaid wages from Defendants for overtime work for which they did not receive any overtime premium pay; and (ii) entitled to liquidated damages, plus attorneys fees and costs pursuant to the Fair Labor Standards Act, 29 U.S.C. §201 et seq.

3.      Plaintiffs further complain on behalf of themselves, and a class of other similarly situated current and former loss prevention agents who worked for Defendants, pursuant to Fed. R. Civ. Proc. 23, that they are entitled to back wages from Defendants for overtime work for which they did not receive any overtime premium pay, pursuant to the New York Minimum Wage Act, N.Y. Lab. Law §§ 650 et seq., and the supporting New York State Department of Labor Regulations, 12 N.Y.C.R.R. Part 142.

## JURISDICTION AND VENUE

4.      This Court has jurisdiction pursuant to 28 U.S.C. §§ 1331, 1337 and 29 U.S.C. § 216(b).  Plaintiffs' claim under 29 U.S.C. § 201 et seq., the Fair Labor Standards Act, confers subject matter jurisdiction.

5.      In addition, the Court has supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. § 1367.  Both the New York Minimum Wage Act claim and Fair Labor Standards Act claim involve violations of similar overtime pay statutes for the same period of work – although a longer period for New York Minimum Wage

Act violations – performed by Plaintiffs. Claims similar to the New York Minimum Wage Act claim have been litigated frequently and allege violations similar to those set forth in this action. Moreover, the New York Minimum Wage Act claim does not predominate over the Fair Labor Standards Act claim.

6.    Venue is proper in the Southern District of New York pursuant to 28 U.S.C. §1391. Defendants regularly transact business in this district, such that they are subject to personal jurisdiction here.

7.    Defendants are engaged in interstate commerce.

8.    This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

## CLASS ALLEGATIONS

9.    Plaintiffs sue on their own behalf and on behalf of a class of persons under Rule 23(a), (b)(2) and (b)(3) of the Federal Rules of Civil Procedure. The class which Plaintiffs seek to represent is composed of and defined as follows: all persons who, at any time during the previous three (3) years, up to and including the time class certification is granted, were employed by Defendants as loss prevention agents in any of Defendants' Abercrombie & Fitch, abercrombie, Hollister and Ruehl stores located throughout the United States (the "class" and "class period", respectively) (hereinafter "Plaintiffs" refer to both Named Plaintiffs and the class).

10.    Plaintiffs bring their New York Minimum Wage Act claim on behalf of all persons who, at any time during the previous six (6) years, up to and including the time class certification is granted, employed by Defendants as loss prevention agents in any of Defendants' Abercrombie & Fitch, abercrombie, Hollister and Ruehl stores located in

New York State.

11.     Numerosity.  The persons in the Class identified above are so numerous that joinder of all members is impracticable. Although the precise number of such persons is unknown, and facts on which the calculation of that number are presently within the sole control of Defendants, upon information and belief, the class consists of several hundred employees and is too numerous to provide for individual adjudication. Plaintiffs are currently unaware of the identities of all the members of the Class. Accordingly, Defendants should be required to provide to Plaintiffs a list of all persons employed by Defendants as loss prevention agents at any of Defendants' Abercrombie & Fitch, abercrombie, Hollister and Ruehl stores since November 2, 2000, stating their last known addresses and telephone numbers, so that plaintiff can give such Class members notice of the pendency of this action and an opportunity to make an informed decision about whether to participate in it.

12.     Typicality.  The claims of the representative parties are typical of the claims of the Class.

13.     Commonality.  There are questions of law and fact common to the Class which predominate over any questions affecting only individual members, including:

        a.      whether the Defendants were required to pay Plaintiffs premium pay for hours worked in excess of forty per workweek within the meaning of the New York Minimum Wage Act and the Fair Labor Standards Act; and

        b.      whether the Defendants failed and/or refused to pay Plaintiffs premium pay for hours worked in excess of forty per workweek within the meaning of the New York Minimum Wage Act and the Fair Labor Standards Act.

4

14.    Adequacy of Representation.  The representative parties will fairly and adequately protect the interests of the Class.

15.    Consistency.    The class is large in number and widely dispersed.  The prosecution of separate actions by fewer than all members of the class would create a risk of inconsistent or varying adjudications that would establish incompatible standards of conduct for the defendants.  As a practical matter, prosecution of separate actions by fewer than all members of the class would be dispositive of the interests of the other members not parties to the adjudications or substantially impair their ability to protect their interests, and therefore would be an inefficient and unfair method by which to proceed.  Accordingly, certification meets the requirements of Fed. R. Civ. P. 23(b)(1).

16.    Impracticality of Individual Suits and Class-Wide Relief.  A class action is superior to other available methods for the fair and efficient adjudication of the controversy — particularly in the context of wage and hour litigation where individual Plaintiffs lack the financial resources to vigorously prosecute a lawsuit in federal court against a corporate defendant. The Defendants have acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole.  Common questions of law or fact predominate over any question affecting any individual member of the class.  Accordingly, certification meets the requirements of Fed. R. Civ. P. 23(b)(2) and 23(b)(3).

## THE PARTIES

17.    Plaintiff Mitchell Green is an adult individual residing in Bronx, Bronx County.

5

18.     Plaintiff James S. Gonzalez is an adult individual residing in Staten Island, Richmond County.

19.     Plaintiff Steven Lucas is an adult individual residing in Queens Village, Queens County.

20.     Plaintiff Germaine Phenard is an individual residing in Astoria, Queens County.

21.     Plaintiff Frederico Sanchez is an adult individual residing in New York City, New York County.

22.     Grace Sewell is an adult individual residing in New York City, New York County.

23.     Upon information and belief Defendant Abercrombie & Fitch, Co. is a domestic corporation doing business within the City and County of New York. Abercrombie & Fitch, Co. maintains corporate headquarters in Columbus, OH at 6301 Fitch Path, New Albany, OH 43054.

24.     Upon information and belief Defendant Abercrombie & Fitch Stores, Inc. is a domestic corporation doing business within the City and County of New York. Abercrombie & Fitch Stores, Inc. maintains corporate headquarters in Columbus, OH at 6301 Fitch Path, New Albany, OH 43054.

25.     Upon information and belief Defendant Abercrombie & Fitch Trading, Co. is a domestic corporation doing business within the City and County of New York. Abercrombie & Fitch Trading, Co. maintains corporate headquarters in Columbus, OH at 6301 Fitch Path, New Albany, OH 43054.

26.     Upon information and belief Defendants are specialty retailers of apparel

for men, women and children, and maintain approximately 897 stores located throughout New York and across the United States, within the following divisions: Abercrombie & Fitch, abercrombie, Hollister and Ruehl.

## STATEMENT OF FACTS

27.  Plaintiffs were initially hired and employed as loss prevention agents by Defendants.

28.  The Plaintiffs' work was performed on the premises of the Defendants' Abercrombie & Fitch, abercrombie, Hollister and Ruehl stores, was performed in the normal course of the Defendants' stores' business and was integrated into the business of the Defendants' stores.

29.  At all relevant times, the Defendants employed one or more Plaintiffs, as loss prevention agents.

30.  At all relevant times, the job of Plaintiffs has been to: (1) monitor closed circuit televisions for purposes of discovering theft of goods on company premises; (2) greet customers at store entrances and observe and report suspicious activity; (3) report and assist in handling of persons suspected of engaging in theft; and (4) providing a security presence at the store, among other security related functions.

31.  Upon information and belief, the Defendants have kept records of hours worked by the Plaintiffs.  At all relevant times, Plaintiffs sign logbooks indicating the date and time they arrive to work and depart from work on a given day.

32.  At all relevant times, Plaintiffs are and/or were regularly scheduled to work up to forty (40) hours per week.

33.  Plaintiffs regularly worked in excess of forty (40) hours per week yet the

Defendants willfully failed to pay Plaintiffs overtime pay of one and one-half times their regular hourly rate for all hours worked in excess of forty (40) hours per week, in violation of the Fair Labor Standards Act and the New York Minimum Wage Act.

34.    Upon information and belief, Plaintiffs have been classified by Defendants as exempt from the provisions of the FLSA, while at the same time being assigned by Defendants to perform a primary duty inconsistent with exempt status.

35.    The members of the class are similarly situated because they all perform the same basic duties and assignments, and all are subject to Defendants' common policy and practice, implemented throughout all of Defendants' Abercrombie & Fitch, abercrombie, Hollister and Ruehl stores nationwide, of classifying loss prevention agents as exempt from the provisions of the FLSA.

36.    Plaintiff Mitchell Green was employed by the Defendants in the position of loss prevention agent within the past three years.

37.    Plaintiff James S. Gonzalez was employed by the Defendants in the position of loss prevention agent within the past three years.

38.    Plaintiff Steven Lucas was employed by the Defendants in the position of loss prevention agent within the past three years.

39.    Plaintiff Germaine Phenard was employed by the Defendants in the position of loss prevention agent within the past three years.

40.    Plaintiff Frederico Sanchez was employed by the Defendants in the position of loss prevention agent within the past three years.

41.    Plaintiff Grace Sewell was employed by the Defendants in the position of loss prevention agent within the past three years.

## FIRST CLAIM FOR RELIEF
## FAIR LABOR STANDARDS ACT

42.    For paragraphs 1 through 41, "Plaintiffs" refers to Named Plaintiffs and any class members who filed individual consents to sue in this action. Plaintiffs allege and incorporate by reference the allegations in paragraphs 1 through 41 above.

43.    Plaintiffs consent in writing to be a party to this action, pursuant to 29 U.S.C. § 216(b). Plaintiffs' written consents are attached hereto and incorporated by reference.

44.    At all times relevant to this action, Plaintiffs were employed by the Defendants within the meaning of the FLSA.

45.    At all times relevant to this action, Plaintiffs were engaged in commerce and/or the production of goods for commerce and/or Defendants were enterprises engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. §206(a) and 207(a).

46.    Defendants willfully failed to pay Plaintiffs overtime compensation at rates not less than one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a workweek, in violation of 29 U.S.C. § 207 (a)(1).

47.    Due to Defendants' FLSA violations, Plaintiffs are entitled to recover from Defendants their unpaid overtime compensation, an additional equal amount as liquidated damages, reasonable attorneys' fees, and costs of the action, pursuant to 29 U.S.C. § 216 (b).

## SECOND CLAIM FOR RELIEF
## NEW YORK LABOR LAW

48.    Plaintiffs allege and incorporate by reference the allegations in paragraphs 1 through 47 above.

49.    At all times relevant to this action, Plaintiffs were employed by the Defendants within the meaning of the New York Labor law, §§ 2 and 651.

50.    The Defendants willfully violated Plaintiffs' rights by failing to pay Plaintiffs overtime compensation at rates not less than one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a workweek in violation of the New York Minimum Wage Act and its regulations.

51.    The Defendants' New York Labor Law violations have caused Plaintiffs irreparable harm for which there is no adequate remedy at law.

52.    Due to the Defendants' New York Labor Law violations, Plaintiffs are entitled to recover from Defendants their unpaid overtime compensation, reasonable attorneys' fees, and costs of the action, pursuant to N.Y. Labor L. § 663(1).

53.    Plaintiffs hereby waive their right to liquidated damages under New York Labor Law.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully request that this Court grant the following relief:

54.    Certify this case as a class action pursuant to Fed. R. Civ. Proc. 23(b)(2);

55.    Require Defendants to provide Plaintiffs with a list of all persons employed by Defendants at any of the Abercrombie & Fitch, abercrombie, Hollister and Ruehl

stores as loss prevention agents since November 2, 2000, stating their last known addresses and telephone numbers, so that plaintiff can give such Class members notice of the pendency of this action and an opportunity to make an informed decision about whether to participate in it;

56.    Declare the Defendants' conduct complained of herein to be in violation of the Plaintiffs' rights under the FLSA and the New York Minimum Wage Act;

57.    Award Plaintiffs unpaid overtime compensation due under the FLSA and the New York Minimum Wage Act;

58.    Award Plaintiffs an additional equal amount as liquidated damages because of Defendants willful failure to pay minimum wage and overtime pay, pursuant to 29 U.S.C. § 216;

59.    Award Plaintiffs prejudgment interest; and

60.    Award Plaintiffs the costs of this action together with reasonable attorneys' fees; and such other and further relief as this Court deems necessary and proper.

## **DEMAND FOR TRIAL BY JURY**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs demand a trial by jury on all questions of fact raised by the complaint.

Dated: January 22, 2007                    Respectfully submitted,


                                           s/Lauren Schwartzreich
                                           Lauren Schwartzreich (LS-8260)
                                           Gregory K. McGillivary (SSN: 0280)
                                           WOODLEY & McGILLIVARY
                                           1125 15th Street, N.W.
                                           Suite 400
                                           Washington, DC  20005
                                           Phone:  (202) 833-8855

                                           ATTORNEYS FOR THE PLAINTIFFS

## CERTIFICATE OF SERVICE

This is to certify that one true and accurate copy of the Initial Conference Order was served on January 22, 2007 on the following defendants' counsel electronically:

James Patrick Clark
Bond, Schoeneck & King, PLLC
1399 Franklin Avenue, Ste. 200
Garden City, NY 11530

Via regular mail:

Allen S. Kinzer
Mark A. Kneuve
Stacia M. Jones
Vorys, Sater Seymour and Pease, LLP
52 E. Gay Street
P.O. Box 1008
Columbus, OH 43216-1008

s/Lauren E. Schwartzreich
Lauren E. Schwartzreich

**EXHIBIT 3**

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| LUCAS, STEVEN ) | |
| ) | |
| Individually, and on behalf of all others ) | |
| Similarly situated as Class Representatives, ) | |
| ) | |
| PLAINTIFF, ) | Civil Action No. |
| ) | Jury Trial Requested |
| v. ) | |
| ) | |
| ABERCROMBIE & FITCH, CO. ) | |
| ABERCROMBIE & FITCH STORES, INC. ) | |
| ABERCROMBIE & FITCH TRADING, CO. ) | |
| d/b/a Abercrombie & Fitch ) | |
| ) | |
| DEFENDANTS. ) | |
| ) | |

## COMPLAINT

### INTRODUCTION

1.     Plaintiff Steven Lucas is a former loss prevention agent employed by
Defendants.  Plaintiff regularly worked for Defendants over forty (40) hours per week
without receiving overtime compensation for such hours worked.  Plaintiff, by and
through his attorneys, Woodley & McGillivary, complains of Defendants Abercrombie &
Fitch, Co., Abercrombie & Fitch Stores, Inc., and Abercrombie & Fitch Trading, Co.,
d/b/a Abercrombie & Fitch (hereinafter referred to as "Defendants") as follows:

### NATURE OF THE ACTION

2.     Plaintiff alleges that he is entitled to back pay, liquidated damages,
punitive damages, reinstatement, make-whole relief, prejudgment interest, costs and
reasonable attorneys' fees from Defendants due to Defendants' retaliatory discharge of
his employment for engaging in protected activity in violation of 29 U.S.C. Section 215

(a)(3) and N.Y. Lab. Law §§ 662 and 215.

## JURISDICTION AND VENUE

3.    This Court has jurisdiction pursuant to 28 U.S.C. §§ 1331, 1337 and 29 U.S.C. § 216(b). Plaintiffs' claim under 29 U.S.C. 215 (a)(3), the Fair Labor Standards Act, confers subject matter jurisdiction.

4.    In addition, the Court has supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. § 1367. Both the New York Labor Law claim and Fair Labor Standards Act claim involve violations of similar anti-retaliation statutes. Claims similar to the New York Labor Law claim have been litigated frequently and allege violations similar to those set forth in this action. Moreover, the New York Labor Law claim does not predominate over the Fair Labor Standards Act claim.

5.    Venue is proper in the Southern District of New York pursuant to 28 U.S.C. §1391. Defendants regularly transact business in this district, such that they are subject to personal jurisdiction here.

6.    Defendants are engaged in interstate commerce.

7.    This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

## THE PARTIES

8.    Plaintiff Steven Lucas is an adult individual residing in Queens Village, Queens County, New York.

9.    Upon information and belief Defendant Abercrombie & Fitch, Co. is a domestic corporation doing business within the City and County of New York. Abercrombie & Fitch, Co. maintains corporate headquarters in Columbus, OH at 6301

Fitch Path, New Albany, OH 43054.

10.    Upon information and belief Defendant Abercrombie & Fitch Stores, Inc. is a domestic corporation doing business within the City and County of New York. Abercrombie & Fitch Stores, Inc. maintains corporate headquarters in Columbus, OH at 6301 Fitch Path, New Albany, OH 43054.

11.    Upon information and belief Defendant Abercrombie & Fitch Trading, Co. is a domestic corporation doing business within the City and County of New York. Abercrombie & Fitch Trading, Co. maintains corporate headquarters in Columbus, OH at 6301 Fitch Path, New Albany, OH 43054.

12.    Upon information and belief Defendants are specialty retailers of apparel for men, women and children, and maintain approximately 897 stores located throughout New York and across the United States, within the following divisions: Abercrombie & Fitch, abercrombie, Hollister and Ruehl.

### STATEMENT OF FACTS

13.    Plaintiff was initially hired and employed as a loss prevention agent by Defendants.

14.    Plaintiff's work was performed on the premises of the Defendants' Abercrombie & Fitch stores, was performed in the normal course of the Defendants' stores' business and was integrated into the business of the Defendants' stores.

15.    At all relevant times, the job of Plaintiff has been to perform security related functions on behalf of Defendants at Defendants' stores.

16.    Defendants learned that Plaintiff had contacted counsel concerning Defendants' violation of federal and state labor laws. In retaliation for said contact and

3

in retaliation for the filing of a Complaint against Defendants, which alleges FLSA and New York State Minimum Wage Act violations, Defendants fired Plaintiff on January 18, 2007 in violation of the FLSA, 29 U.S.C. §215(a)(3), N.Y. Lab. Law § 215 and 662.

17.    At all relevant times, Plaintiff was regularly scheduled to work up to forty (40) hours per week.

18.    Plaintiff regularly worked in excess of forty (40) hours per week yet the Defendants willfully failed to pay Plaintiff overtime pay of one and one-half times his regular hourly rate for all hours worked in excess of forty (40) hours per week, in violation of the Fair Labor Standards Act and the New York Minimum Wage Act.

19.    Plaintiff Steven Lucas was employed by the Defendants in the position of loss prevention agent within the past three years.

### FIRST CLAIM FOR RELIEF
### <u>RETALIATION</u>

20.    Plaintiff alleges and incorporates by reference the allegations in paragraphs 1 through 19 above.

21.    Plaintiff consents in writing to be a party to this action, pursuant to 29 U.S.C. § 216(b). Plaintiff's written consent is attached hereto and incorporated by reference.

22.    At all times relevant to this action, Plaintiff was employed by the Defendants within the meaning of the FLSA.

23.    At all times relevant to this action, Plaintiff was engaged in commerce and/or the production of goods for commerce and/or Defendants were enterprises engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. §206(a) and 207(a).

24. Through information provided to counsel, Plaintiff caused to be instituted an action against Defendants for violations of the FLSA and New York State Minimum Wage Act, Green, et al. v. Abercrombie & Fitch, et al., 1:06-cv-12879 (S.D.N.Y.) (PKC), which was filed in November 2006.

25. On or about October 2006, Defendants informed Plaintiff that they knew Plaintiff had been in contact with counsel for the purpose of bringing a lawsuit to obtain unpaid overtime wages. Defendants warned Plaintiff against participation in such a lawsuit.

26. After learning of Plaintiffs' communications with counsel and the filing of the Complaint in Green, et al. v. Abercrombie & Fitch, et al., 1:06-cv-12879 (S.D.N.Y.) (PKC), Defendants, and/or their employees or representatives unlawfully terminated the employment of Plaintiff on January 18, 2007, in retaliation for asserting his rights under federal and state law and in violation of the FLSA, 29 U.S.C. §215(a)(3), N.Y. Lab. Law § 215 and 662.

27. Defendants' actions were willful and in direct violation of federal and state law.

28. Due to Defendants' violation of federal and state anti-retaliation labor law provisions, Plaintiff is entitled to recover from Defendants, jointly and severally, his back pay, liquidated damages, punitive damages, attorneys' fees and costs pursuant to the FLSA and the New York State Labor Law.

5

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court grant the following relief:

29.     Declare the Defendants' conduct complained of herein to be in violation of the Plaintiff's rights under the FLSA and the New York Labor Law;

30.     Award Plaintiff back pay and liquidated damages due to Defendants' retaliatory actions;

31.     Award Plaintiff punitive damages due to Defendants' retaliatory conduct;

32.     Reinstate Plaintiff in his job as loss prevention agent and make him whole for the loss of all benefits, backpay and other relief necessary to remedy Defendants' unlawful retaliation against him;

33.     Award Plaintiff prejudgment interest; and

34.     Award Plaintiffs the costs of this action together with reasonable attorneys' fees; and such other legal and equitable relief as this Court deems necessary and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs demand a trial by jury on all questions of fact raised by the complaint.

Dated: January 23, 2007

New York, NY

Respectfully submitted,

Lauren Schwartzreich (LS-8260)
Gregory K. McGillivary (SSN: 0280)
WOODLEY & McGILLIVARY
1125 15th Street, N.W.
Suite 400
Washington, DC  20005
Phone:  (202) 833-8855

ATTORNEYS FOR THE PLAINTIFFS

7

## CONSENT TO SUE

I hereby consent to sue my current/former employer Abercrombie & Fitch, for

violations of the Fair Labor Standards Act and the New York State Minimum Wage Act.

Steven Lucas

PRINTED NAME

SIGNATURE

# EXHIBIT 4

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 3/27/07

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------x
Green

                    Plaintiff,                              06 Civ. 12879 (PKC)


         -against-                                          **ORDER OF DISMISSAL**


Abercrombie & Fitch, Co.
                    Defendant
_____x
Lucas


                    Plaintiff,                              07 Civ. 0556 (PKC)


         -against-


Abercrombie & Fitch, Co.
                    Defendant
_____x

         The Court having been advised that all claims asserted herein have been settled, it

is

         **ORDERED,** that the above-entitled actions be and are hereby dismissed and

discontinued without costs, and without prejudice to the right to reopen the action within thirty

(30) days if the settlement is not consummated. Any pending motions are moot.


                                        P. Kevin Castel
                                 **United States District Judge**


Dated: New York, New York
         March 26, 2007

**EXHIBIT 5**

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 6/3/08

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

SHONECA DAVIS, DAWUD EUDELLE, JACLYN               08 Civ. 1859 (PKC)
PAGNOTTA, and DAVID POMALES, individually
and on behalf of all others similarly situated, and

KENNETH FINGERMAN,                                 ECF CASE

                                  Plaintiffs,      STIPULATION AND PROPOSED
                                                   ORDER

           - against -

ABERCROMBIE & FITCH CO., ABERCROMBIE &
FITCH STORES, INC., ABERCROMBIE & FITCH
TRADING CO., d/b/a Abercrombie and Fitch,
Abercrombie, and Hollister and Ruehl,

                                  Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

    In light of the parties' ongoing efforts to resolve the above-captioned matter, the
parties stipulate as follows:

    1.    Adjournment of Briefing Schedule: The Court's Order of May 9, 2008 is
modified as follows: Plaintiffs' motion for collective action status, etc. shall be due July 9.
Defendants shall respond and may move to dismiss on the basis of the Rule 68 Offer of
Judgment by August 11. Plaintiffs' reply and response shall be due September 1. Defendants'
reply on their motion shall be due September 13.

    2.    Tolling: The parties agree that, if this Court orders notice to be issued to
similarly situated employees under the Fair Labor Standards Act, 29 U.S.C. §216, the applicable
statutes of limitations governing the Fair Labor Standards Act claims of putative class members
who opt in to this action after such notice is issued are tolled for 30 days (the "Tolling Period").
Thus, if such notice issues pursuant to this Court's order, then opt-in plaintiffs following such notice
will have the applicable statutes of limitations for his or her claim under the Fair Labor Standards
Act extended by a 30 day period. The parties agree that this Stipulation does not waive or affect
any defenses that existed prior to the execution of this Stipulation, including the defense that any
claims may have expired prior to the issuance of such notice.

252246 v1

So Stipulated:

VLADECK, WALDMAN, ELIAS
  & ENGELHARD, P.C.

By: _____
  Debra L. Raskin (DR 5431)
  Maia Goodell (MG 8905)
  Attorneys for Plaintiffs
  1501 Broadway, Suite 800
  New York, New York 10036
  (212) 403-7300

VORYS, SATER, SEYMOUR
  & PEASE LLP

By: _____
  Sandra J. Anderson
  Attorneys for Defendants
  52 East Gay Street
  P.O. Box 1008
  Columbus, OH 43216-1008
  (614) 464-6405

SO ORDERED:

_____
Honorable P. Kevin Castel
Dated: __5-3-08__

252246 v1

2