UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X



USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 6-2-09

SHONECA DAVIS,
DAWUD EUDELLE,
JACLYN PAGNOTTA, and
DAVID POMALES

Individually and on behalf of all others similarly situated,
And

KENNETH FINGERMAN,

        Plaintiffs,

-against-

ABERCROMBIE & FITCH CO.
ABERCROMBIE & FITCH STORES, INC.
ABERCROMBIE & FITCH TRADING CO.
   d/b/a Abercrombie & Fitch,
   abercrombie, Hollister and Ruehl No. 925,

        Defendants.
------------------------------------------------------------X

08 CV 01859 (PKC) (AJP)

### FINDINGS AND ORDER PRELIMINARILY APPROVING THE CLASS SETTLEMENT, DIRECTING THE ISSUANCE OF NOTICE TO THE CLASS, AND SCHEDULING A SETTLEMENT HEARING

        WHEREAS, Plaintiffs Shoneca Davis, Dawud Eudelle, JacLyn Pagnotta and David Pomales ("Named Plaintiffs") have filed a First Amended Complaint (the "Litigation") that, in the First Cause of Action asserts collective action claims under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b), and in the Second Cause of Action asserts class action claims against Defendants ("Abercrombie") for alleged violation of the New York Minimum Wage Act ("NYMWA");

        WHEREAS, the Court preliminarily certified the First Cause of Action as a FLSA collective action and authorized notice to those similarly situated (see Memorandum and Order, filed

259879 v1

October 23, 2008 (Doc. #56));

WHEREAS, those so notified had an opportunity to opt in to the First Cause of Action under the FLSA;

WHEREAS, the Named Plaintiffs seek to represent a class that includes individuals who were employed as Loss Prevention Agents or Loss Prevention Supervisors at one or more of Abercrombie's stores in New York during the period February 25, 2002 to January 31, 2007 (the "Class");

WHEREAS, the remaining claims asserted in the Litigation are being separately settled and dismissed, leaving only the First Cause of Action to be considered for settlement and dismissal and the Second Cause of Action to be considered for class certification, settlement and dismissal in the Litigation;

WHEREAS, the parties and their attorneys have entered into a Settlement Agreement and Release, dated May 26, 2009 (the "Settlement Agreement"), in which the parties have agreed upon a settlement of the First and Second Causes of Action in the Litigation, subject to the approval and determination of the Court as to the fairness, reasonableness, and adequacy of the settlement which, if approved, will result in the certification of the Class for settlement purposes only and the dismissal of the First and Second Causes of Action in the Litigation with prejudice; and

WHEREAS, unless otherwise provided herein, all capitalized terms in this Order shall have the same meaning as the terms defined in the Settlement Agreement.

NOW, THEREFORE, upon reviewing the Settlement Agreement, including the exhibits attached thereto, and upon reviewing all prior proceedings herein, on application of the parties and based on the record,

IT IS HEREBY ORDERED, ADJUDGED AND DECREED as follows:

1. The Court hereby appoints the law firm of Vladeck, Waldman, Elias & Engelhard, P.C. by Debra L. Raskin, Milton L. Williams, and Maia Goodell as counsel for the Class, finding that these counsel meet the requirements of Rule 23(g) (collectively referred to as "Plaintiffs' Counsel").

2. The Court hereby approves the appointment of the Named Plaintiffs as representatives of the Class for settlement purposes only.

3. The Parties have jointly requested the Court to certify a class for settlement purposes only, and it deems class certification to be appropriate for settlement purposes. The definition of the Class is as follows: All persons who were employed as Loss Prevention Agents or Loss Prevention Supervisors at one or more of Abercrombie's stores in New York during the period February 25, 2002 to January 31, 2007.

4. On a preliminary basis, and as supported by the stipulations of the Parties and the allegations of the Second Cause of Action in the First Amended Complaint, the Court finds that the Plaintiff Class consists of 57 persons, which satisfies the numerosity requirement in Fed. R. Civ. P. 23(a)(1). The Court also finds that the First Amended Complaint asserts questions of law or fact common to the Class, including whether Defendants acted improperly in treating the Class Members as exempt employees and whether Defendants should have treated the Class Members as non-exempt, such that they would have received overtime compensation for hours worked in excess of 40 per week pursuant to the NYMWA during the relevant time period. Such common questions satisfy Fed. R. Civ. P. 23(a)(2). The Court also finds that the claims of the Named Plaintiffs with respect to the NYMWA are typical of the claims of the Class, thus satisfying Fed. R. Civ. P. 23(a)(3). The

Court also finds that the Named Plaintiffs will fairly and adequately protect the interests of the Class, and thus satisfy Fed. R. Civ. P. 23(a)(4).

5. Moreover, the Court finds that there are questions of law or fact common to Class Members that predominate over any questions affecting only individual members. Furthermore, a class action, for settlement purposes, is superior to other available methods for fairly and efficiently adjudicating this controversy and resolving all of the alleged claims. Thus, all the requirements of a class action under Fed .R. Civ. P. 23(b)(3) are met.

6. A Final Hearing shall be held on September 10, 2009 at 2 PM to consider whether the Class meets the requirements for certification as a class under Fed. R. Civ. P. 23(a) and (b)(3), for settlement purposes only; to evaluate the fairness, reasonableness and adequacy of the proposed settlement and whether it should be finally approved by the Court pursuant to Rule 23(e); and whether the Court should enter a final order.

7. The proposed Class Mail Notice, Notice to Graciani, and the Notice Plan are hereby approved.

8. The Settlement Agreement contemplates a notice methodology that is the best practicable notice; is reasonably calculated, under the circumstances, to apprise the Class and the unrepresented opt-in plaintiff Hector Graciani of the pendency of the Litigation, the terms of the proposed settlement, and of their right to object to the proposed settlement. The proposed notice is reasonable and constitutes due, adequate and sufficient notice to all persons entitled to receive notice, and meets all applicable requirements of law, including, but not limited to, Fed. R. Civ. P.23, and the Due Process Clause of the United States Constitution.

9. Subject to the terms of the Settlement Agreement, Abercrombie is authorized to administer and implement the terms of the Settlement Agreement, including the notice provisions thereof.

10. Abercrombie shall cause the Class Mail Notice to each eligible member of the Class (other than Named Plaintiffs and represented opt-in plaintiffs) to be sent by first-class mail, postage prepaid, to his or her last known address no later than five business days after the Court's Preliminary Approval Order. Abercrombie shall cause the Notice to Graciani to be mailed in the same manner.

11. Abercrombie shall: (i) remail any Class Mail Notice returned by the Postal Service with a forwarding address; and (ii) attempt to find a current address for any returned Class Mail Notice that does not include a forwarding address consistent with the terms of the Notice Plan.

12. Abercrombie shall serve Plaintiff's Counsel with proof of the mailing of Class Mail Notice and the Notice to Graciani and all steps required by the Notice Plan and consistent with the terms of the Settlement Agreement.

13. Each member of the Class who wishes to exclude himself or herself from the Class shall submit a written request for exclusion to Plaintiffs' Counsel and Defendants' Counsel, as provided in the Class Mail Notice. The request for exclusion must include the following: (a) a reference to "Shoneca Davis, et al. v. Abercrombie & Fitch Co., et al., U.S. District Court for the Southern District of New York, Case No. 08 CV 01859"; (b) the name, address, telephone number of the person seeking to be excluded; (c) a statement that the person wishes to be excluded from the Class; and (d) the person's signature. The written request must be postmarked on or before July 13, 2009. No Class Member may opt out by having a request to opt out submitted by an actual or

written statement of the objection, as well as the specific reasons, if any, for each objection, including any legal support the Class Member wishes to bring to the Court's attention and any evidence the Class Member wishes to introduce in support of his or her objections.

17. All written objections must be signed by the Class Member and must include: (1) the Class Member's name, address and telephone number; (2) a statement of the objection(s) and any supporting evidence the Class Member wishes to introduce; and (3) the case name and number of the Litigation.

18. Any attorney hired by a Class Member at the Class Member's expense for the purpose of objecting to the Settlement, or to the award of attorneys' fees and expenses, shall file with the Clerk of the Court and provide Plaintiffs' Counsel and Defendant's Counsel a written notice of appearance so as to be received no later than July 20, 2009.

19. Any Class Member who files and serves a written objection and who intends to make an appearance at the hearing on final approval of the class action settlement embodied in the Settlement Agreement (the "Final Hearing"), shall provide notice to Plaintiffs' Counsel and Defendants' Counsel and file with the Court so as to be postmarked no later than July 20, 2009, a written notice of intention to appear. A Class Member may appear either in person or through personal counsel. If represented by personal counsel, the counsel will be hired at the Class Member's expense. The notice of intention to appear must include an identification of witnesses the objecting Class Member intends to call at the Final Hearing and any exhibits the Class Member intends to introduce into evidence at the Final Hearing.

20. Any Class Member who does not submit a timely written request for exclusion or objection, consistent with the terms of the Settlement Agreement and paragraphs 13 and 16

hereof, shall be bound, as to all claims, by all proceedings, orders and judgments in the Litigation, even if such Class Member has previously initiated or subsequently initiates individual litigation against the Defendants or other proceedings encompassed by the Settled Claims defined in the Settlement Agreement.

21. Plaintiffs' Counsel and Defendants' Counsel shall promptly furnish each other with copies of any and all objections or written objections that come into their possession.

22. Any Class Member who does not make his or her objection in the manner provided in this Order shall be deemed to have waived such objection and shall forever be foreclosed from making any objection to the fairness, adequacy or reasonableness of the proposed settlement.

23. A failure by the Court to approve any material condition of the Settlement Agreement which effects a fundamental change of the Parties' settlement shall render the Settlement Agreement voidable and unenforceable as to all Parties at the option of either Party. Either Party may exercise their option to void the Settlement Agreement by giving notice, in writing, to the other and to the Court at any time prior to final approval of the Class settlement by the Court. The voiding Party may petition the Court to vacate any orders entered pursuant to the Settlement Agreement, including this Preliminary Approval Order.

IT IS SO ORDERED this 2nd day of June, 2009.

_____
HONORABLE P. KEVIN CASTEL
UNITED STATES DISTRICT JUDGE